**Doris Wilson BAKER, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 650.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 28, 1972.

John S. Brukner, Houston, for appellant.

William E. Matthews, Baker & Botts, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a workmen's compensation suit for death benefits in which summary judgment was rendered in favor of Travelers Insurance Company. It was filed by the wife and two daughters of Claude Miller Wilson who died on January 17, 1963, allegedly as a result of accidental injuries suffered on the job while he was employed

by Todd Shipyards in Houston. The notice of fatal injury and the claim for compensation were not filed until March 30, 1970. On June 8, 1970, the Industrial Accident Board entered an award to Doris Wilson Baker and this decision was appealed by Travelers Insurance to the District Court of Harris County. Mrs Baker and her daughters responded with a general denial and a cross-action alleging a cause of action for death benefits.

Travelers Insurance then filed a Motion for Summary Judgment alleging that no claim for compensation benefits was filed by appellant within six months after death on January 7, 1963, and that no good cause existed for the failure to file same. Doris Wilson Baker filed a reply to such Motion for Summary Judgment along with her affidavit, alleging that she had been mentally incapacitated from the date of her deceased husband's death until early November, 1969. She further asserted that she filed her notice of fatal injury within six months thereafter, that is, within six months of early November, 1969, the date of the removal of her mental incapacity.

At the summary judgment hearing the following was stipulated for the purposes of such hearing: (1) that appellant Doris Wilson Baker was mentally incapacitated from January 17, 1963, until early November of 1969; (2) that such incapacity constituted good cause for not filing her claim up until early November of 1969; (3) that Doris Wilson Baker filed her notice of fatal injury on March 30, 1970; (4) that *no* good cause existed for Mrs. Baker's failure to lodge her claim between early November, 1969, the date of the removal of her mental incapacity, and March 30, 1970; (5) that no claim was being made to the effect that good cause existed for the daughters' failure to make timely claim for benefits. The trial court granted the insurance company's Motion for Summary Judgment, concluding that under Vernon's Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 4a (1947) a claim arising from the death of an employee must be filed within six months

of the date of death, and any good cause introduced to excuse a delay in filing must continue to the date of filing. The court held that " . . . a correct interpretation of the workmen's compensation statutes, and specifically Sec. 4a, requires that claims for compensation be made in case of death of the employee within six months after said death, unless 'good cause' for such delayed application exists and continues to exist to the time of filing of such application and that a beneficiary of the deceased workman is not granted an automatic six month *extention* of said time following a period of claimed incapacity, . . . ". Mrs. Baker now challenges those holdings.

Section 4a of Article 8307 provides as follows:

"Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, in case of death of the employee or in the event of his physical or mental incapacity, within six (6) months after death or the removal of such physical or mental incapacity. For good cause the Board may in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board.

The requirement of thirty days notice has been held not to apply to a suit for death benefits. Texas Employers' Ins. Ass'n v. Lovett, 19 S.W.2d 397 (Tex.Civ.App.–Austin 1929, writ ref'd); Federal Underwriters Exchange v. Brigham, 184 S.W.2d 849 (Tex.Civ.App.–El Paso 1944, no writ). Thus the only requirement in question is that regarding filing of a claim.

Appellant's position is predicated on the language of Tex.Rev.Civ.Stat.Ann. art. 8309, sec. 1(4) (1955) which is:

"Any reference to any employee herein who has been injured shall, when the employee is dead, also include the legal beneficiaries, as that term is herein used, of such employee to whom compensation may be payable."

Appellant contends that this language renders the terms "employee" and "beneficiary" interchangeable in some points in the workmen's compensation statute. Based upon this contention appellant reasons that inasmuch as the running of the six month filing period is tolled by an *employee's* physical or mental incapacity, this quoted language tolls the running of the six months filing period by a *beneficiary's* physical or mental incapacity as well. This contention must be overruled. The language of section 4a, Article 8307, states, "In case of death of the employee *or* in the event of his physical or mental incapacity . . .". These are mutually exclusive situations. Appellant, however, would have us interpret the statute as allowing tolling of the six month filing provision where an employee is dead and his beneficiaries are incapacitated. That view of the statute alters the clear statutory language in two respects: (1) it requires the two mutually exclusive conditions to exist simultaneously, i. e. death *and* incapacity; (2) it then requires the death to be the employee's but the incapacity to be the *beneficiary's.* There is no statutory language regarding physical or mental incapacity of beneficiaries and the express wording of the statute cannot be strained to so read.

■ As stressed in Swain v. Standard Acc. Ins. Co., 130 Tex. 277, 109 S.W.2d 750 (1937), the injured worker's cause of action for benefits is separate and apart from the cause of action which accrues to that worker's beneficiaries should he die. That portion of Article 8307, section 4a, following the semicolon, contemplates death and incapacity of the employee as independ-

ent circumstances and establishes different filing provisions for them. "In case of death of the employee . . ." a claim must be filed "within six (6) months after death . . .". Incapacity of the employee is dealt with differently. "In the event of his physical or mental incapacity . . ." a claim must be filed "within six (6) months after . . . removal of such physical or mental incapacity." Section 4a does provide to incapacitated workers following the removal of incapacity an automatic six month extension of time in which to file, but conspicuously does *not* provide for any such extension in death cases.

Counsel has cited no case covering the circumstances of the present case and none has been found. We note, however, the Court's treatment of a somewhat similar hiatus in the filing provisions of the Workmen's Compensation statute in Latcholia v. Texas Employers Ins. Ass'n, 140 Tex. 231, 167 S.W.2d 164 (1942). There the Supreme Court expressly declined to hold that, as a matter of law, a minor injured employee is entitled to six months after the removal of his disqualification within which to file a claim for compensation. The Court held that the six month filing period began to run from the date of the injury but that the fact of disqualification constituted good cause for not filing within that period. That case was discussed in the later case of Associated Indemnity Corporation v. Billberg, 172 S.W.2d 157, 163 (Tex.Civ.App.–Amarillo 1943, no writ) in which the Court stated that "the effect of the (Latcholia) holding is that when the guardian is appointed or the next friend appears, neither he nor the minor has six months thereafter in which to act, but he must act *immediately*." (Emphasis and parenthesis added) The Court applied the principle announced in Latcholia to the minor child of a deceased worker, holding that a minor was not automatically barred from seeking compensation because of failure to file a claim within six months after the death of his father.

We are not concerned with the almost seven years from January 17, 1963, until early November, 1969, and whether or not good cause existed during such period. It has been stipulated that good cause did exist during all of such time. The instant case is concerned with the period of time from early November, 1969, to March 30, 1970, a period of almost five months (in which it has been specifically stipulated that no good cause existed) and the obligation of a beneficiary to file therein.

The statute, section 4a of Article 8307, includes beneficiaries in the relief provided in meritorious cases in which good cause for delay in filing may be found. Here, however, we are confronted with the parties' express stipulation that no good cause existed for almost five months prior to filing. The claim for workmen's compensation benefits by the beneficiary of a deceased workman is a separate cause of action from that of the workman himself, Swain v. Standard Accident Ins. Co., supra, and the effect of section 1(4), Article 8309 is to place beneficiaries in the shoes of a deceased workman; they must assume the burden to allege and prove injury and are subject to whatever defenses might have been raised against the deceased's claim. Texas Indemnity Ins. Co. v. Dill, 42 S.W.2d 1059 (Tex.Civ.App.–Eastland 1931) aff'd 63 S.W.2d 1016 (Tex.Comm'n App. 1933, jdgmt adopted). It has been held by our Supreme Court that any reason or condition constituting good cause must extend to the date the claim is filed, Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965), and a delay of five months after good cause has ceased to exist has been held to bar an applicant's claim. Texas Employers Insurance Ass'n v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961).

We must conclude, as did the trial court, that the delay of almost five months under the present circumstances was unreasonable. There was no material fact issue to be passed upon. The judgment of the trial court is affirmed.