Carol Ann HENRY and James S. Henry, Petitioners,

v.

DILLARD DEPARTMENT STORES, INC., Pulaski Adjustment Company, and Pulaski Realty Company d/b/a Pulaski Adjustment Company, Respondents.

No. 00–0763.

Supreme Court of Texas.

Feb. 14, 2002.

Robert A. Kugle, Kugle Law Firm, Jon R. Alworth, Robert Lee Wilson, Alworth & Ford, LLP, San Antonio, for Petitioners.

David B. Edwards, Michael Phillips, Phillips & Akers, Houston, for Respondents.

PER CURIAM.

In this case, Carol Ann Henry sought payment of workers' compensation medical benefits related to a back injury allegedly sustained while working at a Dillard's store. Dillard, which was self-insured, denied Henry's claim because it was not job-related and notified the Texas Workers' Compensation Commission of its decision. Nevertheless, Dillard paid Henry benefits without admitting the validity of the claim. The dispute over the compensability of Henry's claim has never been resolved before the Commission.

Two years later, Henry and her husband filed this suit in district court against Dillard and its adjuster, Pulaski Adjusting Co., alleging a bad faith denial of reasonable and timely workers compensation benefits. Dillard moved for summary judgment, arguing that the bad faith suit was barred because Henry had failed to exhaust her administrative remedies. The trial court granted Dillard's motion for summary judgment, and the court of appeals affirmed. *Henry v. Dillard Dept. Stores, Inc.*, 21 S.W.3d 414 (Tex.App.-San Antonio 2000).

After the court of appeals' decision, we decided *American Motorists Insurance Co. v. Fodge*, in which we said that a court cannot "award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due." 63 S.W.3d 801, 804 (Tex.2001). This is so because a court cannot adjudicate the damages claim without determining whether the claimant was entitled to the benefits, a matter within the Commission's exclusive jurisdiction.

We added, however: "If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Id.* at 804. Because we cannot determine whether it may still be possible for Henry to proceed before the Commission, we grant the Henrys' petition for review and without hearing oral argument, reverse the judgment of the court of appeals and remand to the trial court to take appropriate action in light of *Fodge*. TEX.R.APP. P. 59.1.