NO. 07-02-0376-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 9, 2004



______________________________




FLOYD WEATHERTON, APPELLANT



V.



LIBERTY MUTUAL INSURANCE COMPANY, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-511,528; HONORABLE BLAIR CHERRY, JR., JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Floyd Weatherton appeals a summary judgment entered against him in
his suit against Liberty Mutual Insurance Company. We will affirm the judgment in part,
and reverse it in part, remanding the case to the trial court for further proceedings.



 In June 1994, Weatherton suffered an injury, compensable under the workers'
compensation laws, while working on an assembly line. A 70-pound brake caliper struck
him on the side of his head. Appellee Liberty Mutual was his employer's workers'
compensation insurance carrier at the time of the accident. 

 Weatherton became eligible for workers' compensation supplemental income
benefits beginning in March 1997. In September 1999, after a benefit contested case
hearing, a Texas Workers' Compensation Commission (TWCC) hearing officer determined
that Weatherton had permanently lost entitlement to supplemental income benefits. He did
not meet the criteria for the benefits and had not been entitled to them for twelve
consecutive months. Weatherton did not appeal the hearing officer's order to the TWCC
appeals panel. (1) 

 On October 5, 2000, Weatherton filed suit against Liberty Mutual. His petition
complained of Liberty Mutual's role in the termination of his supplemental income benefits,
including its denial of requests for referral to medical specialists. The petition also alleged
that Liberty Mutual continued to deny his and his doctors' requests for further examinations,
necessary medical treatments and aids, failed to pay his medical expenses and "actively
prevented" him from receiving needed treatment. Based on those allegations, Weatherton
asserted causes of action for breach of contract and of the duty of good faith and fair
dealing and for violations of the Texas Deceptive Trade Practices-Consumer Protection
Act, Texas Insurance Code and Texas Workers' Compensation Act. His claims included
damages for pain and suffering, mental anguish, loss of wages and earning capacity,
economic damages, and medical expenses and a claim for attorneys fees. 

 Liberty Mutual answered and filed a traditional motion for summary judgment. (2) The
summary judgment motion treated Weatherton's petition as asserting claims based on the
termination of his supplemental income benefits. It asserted entitlement to summary
judgment on all claims pled in Weatherton's petition, on the ground that Weatherton had
failed to exhaust his administrative remedies by his failure to appeal the TWCC hearing
officer's determination, depriving the trial court of jurisdiction over Weatherton's complaints.
Liberty Mutual argued Weatherton's bad faith and other extra-contractual claims also failed
as a matter of law because its denial of benefits was an action taken under a TWCC order,
citing Labor Code section 416.001, (3) and because the claim for income benefits was not
covered and was denied promptly, citing Republic Ins. Co. v. Stoker, 903 S.W.2d 338 (Tex.
1995). As summary judgment evidence, Liberty Mutual submitted the September 1999
order finding that Weatherton permanently had lost entitlement to supplemental income
benefits, documents reflecting previous TWCC orders concerning income benefits, (4) and
Liberty Mutual's counsel's affidavit, based on her review of Weatherton's TWCC file, to the
effect that the September 1999 order had not been appealed. 

 Weatherton's response to the summary judgment motion argued that Liberty Mutual
was misconstruing his petition, that he was not asserting a claim for supplemental income
benefits and that Liberty Mutual's arguments and authority were therefore misplaced. He
contended his suit asserted intentional tort claims arising outside the Workers'
Compensation Act, relying on Aranda v. Insurance Co. of North America, 748 S.W.2d 210
(Tex. 1988) and Vail v. Texas Farm Bureau Mut. Ins. Co., 754 S.W.2d 129 (Tex. 1988). 

 The trial court granted Liberty Mutual's motion, and entered a take-nothing judgment
that also dismissed all claims Weatherton asserted against Liberty Mutual. The judgment
did not state the grounds on which it was based. 

 On appeal, Weatherton presents a single issue questioning whether the trial court
erred in granting Liberty Mutual's motion for summary judgment. He maintains the position
he urged in response to the motion, arguing that the summary judgment was based on
mischaracterization of his pled causes of action. In its brief, Liberty Mutual points to the
language of Weatherton's petition in which he complained that the insurer's denial of his
request for specialists contributed to the termination of his income benefits by hindering his
ability to prove his actual medical condition. Liberty Mutual insists that Weatherton's suit
sought supplemental income benefits, and argues that summary judgment with respect to
that claim must be affirmed. Liberty Mutual acknowledges, though, that Weatherton's suit
also asserted claims based on denial of workers' compensation medical benefits. It
contends summary judgment nonetheless must be affirmed because the exhaustion of
administrative remedies requirement also extends to claims based on denial of medical
benefits and Weatherton cannot prevail on his bad faith and related claims without a
determination that Liberty Mutual actually owed the benefits. That determination, Liberty
Mutual asserts, is one the TWCC has not made. 

 Summary judgments are subject to review de novo. See Natividad v. Alexsis, Inc.,
875 S.W.2d 695, 699 (Tex. 1994). A summary judgment movant has the burden of showing
that there are no genuine issues of material fact and that the movant is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). 

 If, as Liberty Mutual asserts on appeal, Weatherton's medical benefits claims are
based on denial of requested treatment for which prior authorization was required, Tex.
Lab. Code Ann. § 413.031 (Vernon Supp. 2004), dismissal of those claims may be proper. 
See Henry v. Dillard Dep't Stores, Inc., 70 S.W.3d 808, 809 (Tex. 2002); American
Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 804 (Tex. 2001). Because none of
Weatherton's claims other than those for denial of supplemental income benefits were
addressed in the summary judgment proceeding, (5) and the summary judgment evidence
sheds no light on the subject of Liberty Mutual's denial of medical benefits, determination
of the court's jurisdiction over Weatherton's medical benefits claims on this record would
be based only on his pleadings. Even if we were to conclude that he had not alleged
sufficient facts to establish jurisdiction, Weatherton would be entitled to the opportunity to
amend his pleadings. See Natividad, 875 S.W.2d at 699. Further, even if Liberty Mutual
is correct that Weatherton has not obtained a required determination from the TWCC
before pursuing his judicial remedies, we cannot tell from the record before us whether it
still may be possible for him to do so and thus remove the impediment to district court
jurisdiction. In such an instance, abatement by the trial court may be proper. See Henry,
70 S.W.3d at 809; see also Subaru of America, Inc. v. David McDavid Nissan, Inc., 84
S.W.3d 212, 227-28 (Tex. 2002). 

 Weatherton does not contend that summary judgment was improper with respect
to any asserted claim seeking damages resulting from the termination of his supplemental
income benefits. The record shows Weatherton failed to appeal the decision of the
commission which terminated his benefits, and therefore did not exhaust his administrative
remedies prior to filing suit. The trial court was correct in dismissing for lack of jurisdiction
any claims Weatherton asserted for supplemental income benefits. 

 The trial court's judgment is modified to dismiss without prejudice claims for
supplemental income benefits, and as so modified is to that extent affirmed. (6) In all other
things, the summary judgment is reversed. The case is remanded to the trial court for
further proceedings consistent with this opinion. 

 James T. Campbell Justice 
1. ' 
 § 
 ' 
 § 
 
 § 
2. Tex. R. Civ. P. 166a(c). 
3. Tex. Lab. Code Ann. § 416.001 (Vernon 1996).
4. '
 ' 
 ' 
 
5. ' 
 
 
 " 
 "
6. - 
 





 UnhideWhenUsed="false" Name="Light Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0177-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 15, 2011

______________________________

 

 

IN RE JOHANSON LEE WATSON, RELATOR

 

_________________________________

 

ORIGINAL PROCEEDING ARISING FROM PROCEEDINGS

BEFORE THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

NOS. 9479 & 9480; HONORABLE DAN MIKE BIRD JUDGE PRESIDING[1]

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            By this original
proceeding, Relator, Johanson
Lee Watson, an inmate proceeding pro se
and in forma pauperis, seeks a writ
of mandamus to compel the Honorable Dan Mike Bird, to hold a hearing on his Motion for Leave for Judgment Nunc Pro Tunc.  For the reasons expressed herein, we deny the
requested relief.

Background

In 1997, Relator was indicted for sexual assault of a child in
cause number 9479 and for burglary of a habitation in cause number 9480.  The charges were enhanced with a prior burglary
from 1987.  In exchange for dismissal of
the burglary of a habitation charge,[2]
Relator pleaded guilty to the sexual assault charge and was sentenced to twenty
years confinement.  No direct appeal from
that conviction was filed.  

At the sentencing hearing held on August 8, 1997, for the
sexual assault conviction, the Honorable Tom Neely opened the proceedings by
announcing "[t]his is Cause Number 9480, the State of Texas versus Johanson Lee Watson, also known as Johanson
'Joe-Boy' Watson."  The hearing
proceeded and the trial court ruled as follows:

the Court having found you guilty of the offense of
sexual assault of a child [cause number 9479] as alleged in the indictment,
having found the enhancement paragraph to be true, the Court assesses your punishment
at 20 years . . . .

 

            Relator
filed a Motion for Leave for Judgment
Nunc Pro Tunc in the trial court on January 18, 2011, arguing that the oral
pronouncement in cause number 9480 from the sentencing hearing in 1997 conflicted
with the trial court's written judgment in cause number 9479.  He maintains he was sentenced to prison in
cause number 9480, which was dismissed in 1998.[3]  Relator alleges that on February 7, 2011, he
corresponded with the Wilbarger County District Clerk requesting a disposition
on his motion.

            On
April 26, 2011, Relator filed a Petition for Writ of Mandamus in this Court
seeking to compel the trial court to rule on his pending motion.  This Court requested a response from
Respondent.  No response was filed;
however, the trial court scheduled a hearing to address Relator's motion.

            On
June 10, 2011, a hearing was held.  The
Honorable Stuart Messer presided by assignment. 
See Tex. Gov't Code Ann. §
75.002(a)(3) (West 2005).  Appellant and his appointed counsel were
present.  After a brief hearing, the
trial court ruled, "the plea of guilty was
obviously in 9479; the evidence was taken on the issue of punishment in
9479.  I am not granting that nunc pro
tunc . . . ."  The trial court's
denial of Relator's motion was reduced to writing and filed with the trial
court clerk on June 23, 2011.

Mandamus Standard of Review

Mandamus relief is an extraordinary remedy.  In re Southwestern Bell Telephone Co.,
L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  "Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law.@  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  To show entitlement to mandamus relief, a
relator must satisfy three requirements: (1) a legal duty to perform; (2) a
demand for performance; and (3) a refusal to act.  Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979).

Discussion

            Relator now has a ruling on the
motion that was pending in the trial court. 
Any dissatisfaction with the ruling is not the proper subject of a
mandamus proceeding but may be remedied by ordinary appeal.  See In
re Washington, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2
(Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding).  Consequently, his request for relief is
rendered moot and the petition for writ of mandamus is denied.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 











[1]Judge
Bird was the District Attorney for Wilbarger County when Relator was charged
with the offenses alleged in Cause Nos. 9479 and 9480 and he voluntarily
recused himself from proceedings related to those cause numbers.  





[2]The
burglary of a habitation charge was dismissed by order dated July 21, 1998.

 





[3]The
written judgment and sentence in the sexual assault of a child case correctly
reflects "Cause No. 9479."