NO. 07-02-0376-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 9, 2004

_____


FLOYD WEATHERTON, APPELLANT

V.

LIBERTY MUTUAL INSURANCE COMPANY, APPELLEE


_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-511,528; HONORABLE BLAIR CHERRY, JR., JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Floyd Weatherton appeals a summary judgment entered against him in his suit against Liberty Mutual Insurance Company. We will affirm the judgment in part, and reverse it in part, remanding the case to the trial court for further proceedings.

In June 1994, Weatherton suffered an injury, compensable under the workers' compensation laws, while working on an assembly line. A 70-pound brake caliper struck him on the side of his head. Appellee Liberty Mutual was his employer's workers' compensation insurance carrier at the time of the accident.

Weatherton became eligible for workers' compensation supplemental income benefits beginning in March 1997. In September 1999, after a benefit contested case hearing, a Texas Workers' Compensation Commission (TWCC) hearing officer determined that Weatherton had permanently lost entitlement to supplemental income benefits. He did not meet the criteria for the benefits and had not been entitled to them for twelve consecutive months. Weatherton did not appeal the hearing officer's order to the TWCC appeals panel.[1]

On October 5, 2000, Weatherton filed suit against Liberty Mutual. His petition complained of Liberty Mutual's role in the termination of his supplemental income benefits, including its denial of requests for referral to medical specialists. The petition also alleged that Liberty Mutual continued to deny his and his doctors' requests for further examinations, necessary medical treatments and aids, failed to pay his medical expenses and "actively prevented" him from receiving needed treatment. Based on those allegations, Weatherton asserted causes of action for breach of contract and of the duty of good faith and fair

---

[1]The Workers' Compensation Commission has jurisdiction of disputes over income benefits, subject to judicial review. *See* Tex. Lab. Code Ann. § 409.021, 410.251 (Vernon 1996 & Supp. 2004). A Commission hearing officer's decision regarding income benefits is final unless it is appealed. *Id.* § 410.169. To appeal the decision of a hearing officer, a party must file a written request for appeal with the appeals panel within fifteen days of receiving notice of the decision. *Id.* § 410.202.

dealing and for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Texas Insurance Code and Texas Workers' Compensation Act. His claims included damages for pain and suffering, mental anguish, loss of wages and earning capacity, economic damages, and medical expenses and a claim for attorneys fees.

Liberty Mutual answered and filed a traditional motion for summary judgment.[2] The summary judgment motion treated Weatherton's petition as asserting claims based on the termination of his supplemental income benefits. It asserted entitlement to summary judgment on all claims pled in Weatherton's petition, on the ground that Weatherton had failed to exhaust his administrative remedies by his failure to appeal the TWCC hearing officer's determination, depriving the trial court of jurisdiction over Weatherton's complaints. Liberty Mutual argued Weatherton's bad faith and other extra-contractual claims also failed as a matter of law because its denial of benefits was an action taken under a TWCC order, citing Labor Code section 416.001,[3] and because the claim for income benefits was not covered and was denied promptly, citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995). As summary judgment evidence, Liberty Mutual submitted the September 1999 order finding that Weatherton permanently had lost entitlement to supplemental income benefits, documents reflecting previous TWCC orders concerning income benefits,[4] and

---

[2]Tex. R. Civ. P. 166a(c).

[3]Tex. Lab. Code Ann. § 416.001 (Vernon 1996).

[4]The summary judgment evidence also reflected a TWCC hearing officer's conclusion that Weatherton's 1994 injury was a producing cause of his temporomandibular joint (TMJ) injury. That finding was affirmed on Liberty Mutual's appeal to the appeals panel.

Liberty Mutual's counsel's affidavit, based on her review of Weatherton's TWCC file, to the effect that the September 1999 order had not been appealed.

Weatherton's response to the summary judgment motion argued that Liberty Mutual was misconstruing his petition, that he was not asserting a claim for supplemental income benefits and that Liberty Mutual's arguments and authority were therefore misplaced. He contended his suit asserted intentional tort claims arising outside the Workers' Compensation Act, relying on *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988) and *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129 (Tex. 1988).

The trial court granted Liberty Mutual's motion, and entered a take-nothing judgment that also dismissed all claims Weatherton asserted against Liberty Mutual. The judgment did not state the grounds on which it was based.

On appeal, Weatherton presents a single issue questioning whether the trial court erred in granting Liberty Mutual's motion for summary judgment. He maintains the position he urged in response to the motion, arguing that the summary judgment was based on mischaracterization of his pled causes of action. In its brief, Liberty Mutual points to the language of Weatherton's petition in which he complained that the insurer's denial of his request for specialists contributed to the termination of his income benefits by hindering his ability to prove his actual medical condition. Liberty Mutual insists that Weatherton's suit sought supplemental income benefits, and argues that summary judgment with respect to that claim must be affirmed. Liberty Mutual acknowledges, though, that Weatherton's suit also asserted claims based on denial of workers' compensation medical benefits. It

contends summary judgment nonetheless must be affirmed because the exhaustion of administrative remedies requirement also extends to claims based on denial of medical benefits and Weatherton cannot prevail on his bad faith and related claims without a determination that Liberty Mutual actually owed the benefits. That determination, Liberty Mutual asserts, is one the TWCC has not made.

Summary judgments are subject to review *de novo. See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). A summary judgment movant has the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

If, as Liberty Mutual asserts on appeal, Weatherton's medical benefits claims are based on denial of requested treatment for which prior authorization was required, Tex. Lab. Code Ann. § 413.031 (Vernon Supp. 2004), dismissal of those claims may be proper. *See Henry v. Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002); *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001). Because none of Weatherton's claims other than those for denial of supplemental income benefits were addressed in the summary judgment proceeding,[5] and the summary judgment evidence sheds no light on the subject of Liberty Mutual's denial of medical benefits, determination of the court's jurisdiction over Weatherton's medical benefits claims on this record would

_____

[5]Any doubt that Liberty Mutual's summary judgment motion was addressed only to claims relating to supplemental income benefits was removed by the language of the Reply Brief Liberty Mutual filed in support of its motion in the trial court, in which Liberty Mutual argued, referring to the September 1999 order, "[Weatherton] is suing [Liberty Mutual] for failure to pay the very benefits which the TWCC ordered did not have to be paid."

be based only on his pleadings. Even if we were to conclude that he had not alleged sufficient facts to establish jurisdiction, Weatherton would be entitled to the opportunity to amend his pleadings. *See Natividad*, 875 S.W.2d at 699. Further, even if Liberty Mutual is correct that Weatherton has not obtained a required determination from the TWCC before pursuing his judicial remedies, we cannot tell from the record before us whether it still may be possible for him to do so and thus remove the impediment to district court jurisdiction. In such an instance, abatement by the trial court may be proper. *See Henry*, 70 S.W.3d at 809; *see also Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 227-28 (Tex. 2002).

Weatherton does not contend that summary judgment was improper with respect to any asserted claim seeking damages resulting from the termination of his supplemental income benefits. The record shows Weatherton failed to appeal the decision of the commission which terminated his benefits, and therefore did not exhaust his administrative remedies prior to filing suit. The trial court was correct in dismissing for lack of jurisdiction any claims Weatherton asserted for supplemental income benefits.

The trial court's judgment is modified to dismiss without prejudice claims for supplemental income benefits, and as so modified is to that extent affirmed.[6] In all other things, the summary judgment is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

James T. Campbell
Justice

---

[6]*See Escajeda v. Cigna Ins. Co.*, 934 S.W.2d 402 (Tex.App.–Amarillo 1996, no writ) (court cannot deny, on the merits, relief relating to causes and damages over which it lacks jurisdiction).