# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00182-CV

---

**In re Hellas Construction, Inc.**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### NO. 03-21-00233-CV

---

**In re Pedro Martinez and Lydia Gonzalez, Individually and on behalf of the estate of Pedro Jovany "Bruno" Martinez**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Before the Court are two original proceedings arising from related lawsuits—each filed in a Travis County district court—resulting from a workplace injury that led to the death of 20-year-old Pedro Jovany "Bruno" Martinez. In cause No. 03-21-00182-CV, alleged employer Hellas Construction, Inc., seeks mandamus relief from the district court's order lifting the abatement of a tort suit brought by Bruno's family (Martinez Family) against Hellas. Real parties in interest are the Martinez Family and T.F. Harper & Associates, L.P., the general contractor allegedly responsible for the construction site. In cause No. 03-21-00233-CV, the Martinez Family seeks mandamus relief from the district court's order overruling its plea to the

jurisdiction seeking dismissal of its own suit for judicial review of a final order from the Texas Department of Insurance Division of Workers Compensation (DWC). Real party in interest in the latter cause is Texas Mutual, which provides Hellas's workers' compensation policy. For the reasons that follow, we will grant the relief sought by Hellas and deny the relief sought by the Martinez Family.

## BACKGROUND

### The Workplace Injury

In July of 2019, twenty-year-old Bruno succumbed to injuries caused by heat stroke sustained while working on a construction site overseen by subcontractor Hellas Construction, Inc. Whether Bruno was a Hellas employee at the time of injury is the crux of the litigation in the two courts below. Whether DWC had jurisdiction to decide that issue is the question before this Court.

The Martinez Family insists that Bruno was not yet a Hellas employee at the time of his injury, arguing that Bruno had applied for a position but had not yet been hired and emphasizing that Hellas itself initially denied Bruno's status as an employee when it learned of the injury. Notwithstanding the status of Bruno's employment application and its early statements on the subject, Hellas now characterizes Bruno as an employee when he sustained the fatal injuries.

### The Tort Suit (No. D-1-GN-19-004416)

Because the Martinez Family does not believe Bruno was an employee at the time of injury, it did not file a claim for workers' compensation benefits but instead filed a

wrongful-death suit (the tort suit) against Hellas.[1]  In its answer, Hellas raised the exclusive-remedy defense set forth in Section 408.001 of the Labor Code, which provides, "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." *See* Tex. Lab. Code § 408.001(a).  Hellas then requested a benefit review conference from DWC; the Martinez Family challenged DWC's jurisdiction over any issues arising from Bruno's injury.  *See* "Suit for Judicial Review," below.

Thus, believing that DWC "has the exclusive jurisdiction to make the initial determination of whether Bruno was an employee of Hellas at the time of his fatal injury or illness," Hellas filed a combined plea to the jurisdiction and motion for abatement.  In the filing, Hellas prayed that the Martinez Family's "suit be dismissed for lack of jurisdiction, or in the alternative, abated pending a final, appealable decision of the DWC or any court to which a proper appeal of the DWC's decision has been made."  At the hearing on the plea and motion, Hellas argued that the issue of employment status—if decided in its favor—would dispose of all the Martinez Family's tort theories.  Hellas also submitted evidence that it had followed all applicable regulations in providing the Martinez Family with the workers' compensation claim form and a disclosure of rights under the Workers' Compensation Act.  The Martinez Family, meanwhile, denied that DWC has any jurisdiction over the disputed issues.  The district court ultimately took the plea and motion under advisement and then issued an order abating the case until July 1, 2020, "to allow . . . the parties to invoke the jurisdiction of [DWC]."  It further

---

[1] The Martinez Family later amended its petition to add T.F. Harper & Associates, L.P., as a defendant.

3

indicated that if no party had invoked that jurisdiction by July 19, 2020—the one-year anniversary of Bruno's death and therefore the last day the Martinez Family could file a claim for benefits, *see id.* § 409.007(a)—the court would lift the abatement.

In November, while the Martinez Family's challenge to DWC's jurisdiction was still pending before that agency, the Martinez Family moved the court presiding over the tort suit to lift the abatement, arguing that Bruno's beneficiaries had never filed a claim for benefits, that the statute of limitations to file such a claim had passed, and that "there is no pending or disputed claim for worker's compensation benefits for [DWC] to resolve so its exclusive jurisdiction is no longer triggered." The court took the matter under advisement and ultimately granted the motion to lift the abatement. This original proceeding followed, with Hellas arguing that the district court abused its discretion by lifting the abatement when the administrative order was still subject to judicial review and therefore not final. As relief, Hellas asks this Court to issue a mandamus writ ordering the district court to reinstate the abatement.

**The Suit for Judicial Review (No. D-1-GN-20-007696)**

As mentioned in the previous section, Texas Mutual filed a "request to schedule, reschedule, or cancel a benefit review conference" in March of 2020, listing the disputed issue as "whether or not Mr. Bruno Martinez was an employee of Hellas Construction, Inc. at the time of injury and subsequent death." *See* 28 Tex. Admin. Code § 141.1(b) (Tex. Dep't of Ins., Div. of Workers' Comp., Requesting and Setting a Benefit Review Conference). In October, following a contested-case hearing, an administrative law judge (ALJ) determined that "[d]ecedent did sustain a compensable injury on July 19, 2019, that resulted in his death," and that "Hellas Construction[,] Inc.[,] was Decedent's employer for purposes of the Texas Workers'

4

Compensation Act." The Martinez Family requested review by an appeals panel, arguing that DWC's jurisdiction had "never been invoked" because the Martinez Family had chosen not to file a claim with the agency. In December, the appeals panel adopted the ALJ's Decision and Order.

The Martinez Family filed suit for judicial review in Travis County district court. The Martinez Family's petition for judicial review raised the following arguments:

- the ALJ and Appeals Panel rendered an improper advisory opinion because there was no benefit dispute that needed to be resolved by a benefit proceeding when the ALJ issued her decision;

- the Division does not have exclusive jurisdiction over this matter because there was no benefit dispute when the ALJ rendered her decision;

- The ALJ erred in failing to assign the burden of proof on Texas Mutual;

- Bruno Martinez was not an employee of Hellas at the time of his death, as the term "employee" is defined in section 401.012(a) of the Texas Labor Code;

- Bruno Martinez was not "in the service" of Hellas as is required by section 401.012(a) of the Texas Labor Code;

- Bruno Martinez was not under a "contract of hire" with Hellas as is required by section 401.012(a) of the Texas Labor Code;

- Hellas did not have the contractual right to control the means or details of Bruno Martinez's activities or work;

- Hellas did not exercise actual control over the means or details of Bruno Martinez's activities or work;

- Bruno Martinez was not in the "course and scope of employment" with Hellas on July 19, 2019 as that phrase is defined in Section 401.011(12) of the Texas Labor Code; and

- Bruno Martinez did not sustain a "compensable injury" on July 19, 2019, as that phrase is defined in Section 401.011(10) of the Texas Labor Code.

In January, Texas Mutual answered the petition with a one-page general denial and prayed that "upon final hearing hereof, the Court enter judgment denying all relief requested by [the Martinez Family] and affirming the Decision & Order . . . rendered on October 13, 2020, finding that Pedro Jovany 'Bruno' Martinez sustained a compensable injury in the course and scope of his employment with Hellas Construction, Inc. on July 19, 2019."

On March 10, 2021, the Martinez Family filed a plea to the jurisdiction, asking to dismiss its own suit for judicial review. The plea was predicated on two theories: 1) that DWC's final decision was void ab initio because "[w]ithout an actual claim for benefits, there can be no 'benefit dispute' for [DWC] to resolve, but only a hypothetical or contingent one," and 2) to the extent DWC ever had jurisdiction over the contested issue, the question was rendered moot when "the possibility of a claim [for benefits] and a dispute over such a claim was forever foreclosed" when the statute of limitations expired on the Martinez Family's right to file a claim for benefits.

In May, the district court held a hearing on the plea to the jurisdiction. At the end of the hearing, the district court issued an order overruling the plea to the jurisdiction. The Martinez Family then filed its original proceeding in this Court, arguing that the district court abused its discretion because it has no jurisdiction to review an agency order that, as the Martinez Family characterizes it, is void or moot. The Martinez Family seeks mandamus relief ordering the district court to grant the plea to the jurisdiction and a writ of prohibition "to prohibit Respondent and the district court from considering the merits of the void [agency] Order."

**GOVERNING LEGAL STANDARD**

"The standards generally applied in a mandamus proceeding are well established." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, orig. proceeding) (cleaned up). "[M]andamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law" and only where the petitioning party lacks an adequate remedy by appeal. *Id*. (quoting *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P*., 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding)). A trial court has no discretion to misapply the law. *Id*. (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). In the two competing petitions for mandamus relief, each petitioner alleges that one of the trial courts misconstrued the governing statutes and existing precedent in evaluating its jurisdiction over this dispute.

**DISCUSSION**

The parties disagree as to whether DWC had exclusive jurisdiction to determine whether Bruno was an employee acting in the course and scope of employment at the time of the injury. *See* Tex. Lab. Code § 406.031(a) ("An insurance carrier is liable for compensation for an employee's injury with regard to fault or negligence if . . . at the time of injury, the employee is subject to this subtitle; and . . . the injury arises out of and in the course and scope of employment."). Hellas and Texas Mutual argue that exclusive jurisdiction is vested in the agency, that the agency's order is not void, that the court presiding over the suit for judicial review of DWC's order correctly overruled the Martinez Family's plea to the jurisdiction, and that the court presiding over the tort suit abused its discretion by lifting the abatement before judicial review of the contested order is complete. The Martinez Family contends that DWC had no jurisdiction over the dispute in absence of a pending claim filed by Bruno's beneficiaries, that

7

the order is consequently void, that the court presiding over the tort suit correctly lifted the abatement once the statute of limitations for filing a workers' compensation claim had passed, and that the court presiding over the suit for judicial review abused its discretion by failing to overrule the plea to the jurisdiction. If either theory—the one raised by Hellas and Texas Mutual or the one proffered by the Martinez Family—is correct, its proponent has no adequate remedy by appeal. *See In re Louisiana-Pac. Corp.*, 112 S.W.3d 185, 190 (Tex. App.—Beaumont 2003, orig. proceeding) ("Where the outcome of a presently-pending workers' compensation proceeding would preclude liability in the parallel litigation, there is no adequate remedy by appeal." (citation omitted)); *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832, 844 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (holding that there is "no adequate remedy by appeal due to the potential for confusion and conflicting judgments if the [tort] suit is tried" while workers' compensation claim remains pending); *cf.* Tex. Civ. Prac. & Rem. Code § 51.014(a) (delineating general circumstances permitting interlocutory appeal).

**DWC Has Exclusive Jurisdiction to Evaluate Claimant Eligibility.**

"An agency has exclusive jurisdiction [over a claim] when a statutory scheme indicates the Legislature intended the statutory process to be the exclusive means of remedying the problem to which the statute is addressed." *Tyler Asphalt*, 107 S.W.3d at 838 (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002)). "Typically, if an agency has exclusive jurisdiction [over a claim], a party must exhaust all administrative remedies before seeking judicial review of the agency's action." *Id.* (footnote omitted). "Until then, a trial court lacks subject matter jurisdiction and must dismiss without prejudice those claims within the agency's exclusive jurisdiction." *Id.* (citing *Subaru*, 84 S.W.3d at 221).

"In some instances, however, the statutory scheme may necessitate that an administrative agency with exclusive jurisdiction make certain findings before a trial court may finally adjudicate a claim." *Id*. (citing *Subaru*, 84 S.W.3d at 221). In other words, a statutory scheme may allow a party to seek redress at common law while still vesting certain issues within the exclusive jurisdiction of an administrative body. "Under those circumstances, if a party files its claims in the trial court before an agency resolves the issue within its exclusive jurisdiction, but the jurisdictional impediment can be removed, then the trial court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Id*. (citing *Subaru*, 84 S.W.3d at 221–22; *Henry v. Dillard Dep't Stores, Inc*., 70 S.W.3d 808, 809 (Tex. 2002)).

The Legislature has vested "the power to determine whether a claimant is entitled to workers' compensation benefits solely in [DWC], subject to judicial review." *Id*. (citing *Henry*, 70 S.W.3d at 809; *American Motorists Ins. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001)). For example, the supreme court has held that a trial court cannot adjudicate an employee's claim for bad-faith denial of workers' compensation benefits without first determining whether that employee was entitled to benefits at the time of the denial, a question within the Commission's exclusive jurisdiction. *Henry*, 70 S.W.3d at 809; *see also Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996) (explaining agency's exclusive jurisdiction to resolve disputes over any entitlement to benefits). And "[t]he Commission's exclusive jurisdiction to determine compensability necessarily encompasses exclusive jurisdiction to determine whether an injury or death occurred in the course and scope of employment." *Tyler Asphalt*, 107 S.W.3d at 838 (citing Tex. Lab. Code § 401.011(10), which defines compensable injury as "an injury that arises out of and in the course and scope of employment for which compensation is payable").

9

**But Was There Ever a Claim?**

Throughout this dispute, the Martinez Family has maintained that DWC's final order is void—and therefore cannot establish jurisdiction in a suit for judicial review—because they "never filed a claim for death benefits." The administrative law judge included that fact in her case summary, which was ultimately adopted by the appeals panel, but nevertheless referred to the Martinez Family as "claimants."

When interpreting a statute, our primary objective is to give effect to the Legislature's intent, and "the Legislature expresses its intent by the words it enacts and declares to be the law." *Bosque Disposal Sys., LLC v. Parker Cnty. Appraisal Dist.*, 555 S.W.3d 92, 94 (Tex. 2018) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011)). "[U]nambiguous statutes are the current law and should not be construed by a court to mean something other than the plain words say unless there is an obvious error such as a typographical one that resulted in the omission of a word . . . or application of the literal language of a legislative enactment would produce an absurd result." *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (citations omitted). With respect to ambiguity, "[i]f an agency's construction of an ambiguous statute it is charged with administering is reasonable . . . it is improper for a court to overturn that interpretation." *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624-25 (Tex. 2011). We review the resolution of any questions of statutory construction de novo. *See id.* at 624.

Section 409.003 of the Labor Code provides that a "claim" may be initiated by "[a]n employee or a person acting on the employee's behalf . . . not later than one year after the date on which . . . the injury occurred." Here, it is undisputed that Hellas—not the Martinez Family—requested burial reimbursement from Texas Mutual, which then remitted that sum to

10

Hellas. It is also undisputed that Texas Mutual was the one to request the benefit review conference. The question thus becomes whether either of these parties could be construed as "a person acting on the employee's behalf" such that, per the statutory definition, that party could initiate a claim. Under the circumstances of this case, it is difficult to characterize Texas Mutual as having acted on Bruno's behalf given that its stated goal in requesting the benefit review conference was to take a position contrary to that of Bruno's beneficiaries. *See Behalf*, *Black's Law Dictionary* (referring to actions taken "in the interest, support, or defense of" or "in the name of, on the part of, [or] as the agent or representative of"); *Baker v. Travelers Ins.*, 483 S.W.2d 10, 13 (Tex. App.—Houston [14th Dist.] 1972, no writ) (referring to beneficiaries as standing "in the shoes of a deceased workman"). Hellas similarly adopted a position materially adverse to the legal arguments raised by Bruno's beneficiaries. Thus, because no one was acting on behalf of Bruno or his beneficiaries in initiating this "claim," it seems unlikely that there was anything more than a *potential* claim for benefits at the time of the proceedings before the administrative law judge and the appeals panel. However, we need not resolve that question to dispose of this case, as we conclude that DWC had exclusive jurisdiction over the question of eligibility regardless of whether there was, in fact, a pending claim or merely a potential claim.

**We Will Defer to the Agency's Interpretation of the Statutory Scheme.**

Notwithstanding the well-settled jurisprudence indicating that DWC has exclusive jurisdiction to resolve any dispute over eligibility, including questions of employment status, in the context of a *pending* claim, the Martinez Family asks this Court to hold that DWC has no jurisdiction to resolve the question of employment in the context of an unfiled *potential* claim.

11

The description of a benefit review conference is set forth in Section 410.021 of the Workers' Compensation Act. The Section reads, in its entirety:

> A benefit review conference is a nonadversarial, informal dispute resolution proceeding designed to: (1) explain, orally and in writing, the rights of the respective parties *to a workers' compensation claim* and the procedures necessary to protect those rights; (2) discuss the facts of the claim, review available information in order to evaluate the claim, and delineate the disputed issues; and (3) mediate and resolve disputed issues by agreement of the parties in accordance with this subtitle and the policies of the division.

*See* Tex. Lab. Code § 410.021 (emphasis added). The Section refers to the "claim" three times, including to "the respective parties to a workers' compensation claim," apparently contemplating the existence of a pending claim as a predicate to the conference. The section is silent as to the question before us—whether DWC, through a benefit review conference, has jurisdiction to resolve issues anticipated to arise from a potential claim. Silence creates statutory ambiguity. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984); *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 490 (Tex. 2001). We therefore turn to agency interpretation for guidance. *See Texas Citizens*, 336 S.W.3d at 623.

DWC promulgated Rule 141.1, et seq., in part to clarify the process governing benefit review conferences. Rule 141.1 provides, "A request for a benefit review conference may be made by an injured employee, a subclaimant, or an insurance carrier." *See* 28 Tex. Admin. Code § 141.1. It continues, "An employer may request a benefit review conference to contest compensability when the insurance carrier has accepted the claim as compensable." *See id*.

Rule 141.5 outlines the conference itself and instructs the benefit review officer to, inter alia:

(2) thoroughly inform the parties and participants of their rights and responsibilities under the Texas Workers' Compensation Act;

(3) explain the purpose of the conference and the procedures and time frame to be observed;

(4) identify and describe the disputed issues to be mediated; and

(5) elicit each party's statement of position regarding each disputed issue.

*See id*. § 141.5 (Tex. Dep't of Ins., Div. of Workers' Comp., Description of the Benefit Review Process).  By referring to "issues" rather than "claims," these regulations suggest that a pending claim might not be a necessary predicate to invoke the agency's jurisdiction over the dispute.  In addition, the agency has now considered this very question, in the context of this dispute, and has made a formal determination, *see Texas Citizens*, 336 S.W.3d at 625 (citing *United States v. Mead Corp*., 533 U.S. 218, 229–30 (2001)), that it is jurisdictionally irrelevant that the Martinez Family chose not to file a claim.  Because this interpretation is reasonable and does not conflict with the plain language of the statute, we will defer to the agency's interpretation.  *Id*. at 624.  Accordingly, we conclude that DWC had exclusive jurisdiction to resolve any question regarding Bruno's eligibility for benefits, including the dispute over his employment status.

**There Was No Abuse of Discretion in Overruling the Plea to the Jurisdiction.**

On March 4, 2020, the court presiding over the tort suit issued an order abating that case until, inter alia, the resolution of any matters properly before DWC.  At the time that order issued, the statute of limitations had not yet run on the Martinez Family's potential claim.  After that statute of limitations had run, the Martinez Family sought to lift the abatement of the tort suit so they might pursue any common-law remedies.  But when the trial court granted that motion and lifted the abatement on February 11, 2021, Texas Mutual's suit for judicial review

13

was still pending, and there was therefore no final administrative determination that might allow the court to lift the abatement. *See Tyler Asphalt*, 107 S.W.3d at 843-44.

The Martinez Family contends that the district court could lift the abatement because the DWC order is void for want of jurisdiction in absence of a pending claim. We have already rejected the Martinez Family's jurisdictional theory rooted in a distinction between potential claims and pending claims. The Martinez Family also argues that—to whatever extent DWC might otherwise have jurisdiction over the contested issue here—DWC lost that jurisdiction when the claim was rendered moot, which the Martinez Family believes occurred on July 26, 2020, when the statute of limitations had allegedly run on any claim the Martinez Family might file. We reject this argument, as well.

"The mootness doctrine implicates subject-matter jurisdiction." *Pantera Energy Co. v. Railroad Comm'n*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.) (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993)). "A case becomes moot when: . . . one seeks to obtain a judgment on some controversy, when in reality none exists, or . . . when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Id*. (citing *Texas Health Care Info. Council v. Seton Health Plan, Inc*., 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied)). Here, there is no doubt a controversy exists: Texas Mutual and the Martinez Family disagree as to the proper mechanism for obtaining redress for Bruno's fatal injury. For that very reason, the suit for judicial review will result in a judgment that will, indeed, have a "practical legal effect" on the controversy. *See id.* Moreover, while the statute of limitations governing a claim for death benefits generally runs on the one-year anniversary of the date of the employee's death, *see* Tex. Labor Code § 409.007(a), the passing of that anniversary is not an

14

absolute bar to asserting such a claim, *see id*. § (b)(2) ("Failure to file in the time required . . . bars the claim unless . . . good cause exists for the failure to file a claim."). Thus, this case is not moot.

And finally, to whatever extent the Martinez Family might raise additional arguments that the agency's order is void, we would also reject those arguments as a basis for mandamus relief. We have held that an agency order may be subject to collateral attack as a void order on just two grounds: because "the order shows on its face that the agency exceeded its authority" or because "a complainant shows the order was obtained by extrinsic fraud." *Chocolate Bayou Water Co. & Sand Supply v. Texas Nat. Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin, 2003, pet. denied). Here, the Martinez Family has not shown how the face of the DWC order indicates that the agency exceeded its authority. Nor has the Martinez Family alleged that the DWC order resulted from fraud.

Thus, having rejected the Martinez Family's arguments that DWC's final order is void such that the courts have no jurisdiction to review that order, we conclude the district court presiding over the suit for judicial review correctly overruled the plea to the jurisdiction. The Martinez Family therefore has not shown how that court abused its discretion, and we will deny its request for mandamus relief.

**Hellas is Entitled to Mandamus Relief from the Order Lifting the Abatement.**

A writ of mandamus will issue when a trial court does not abate a tort suit while a suit for judicial review of a DWC decision is pending. *See Louisiana-Pac.*, 112 S.W.3d at 189–90 (affording mandamus relief where trial court failed to abate tort litigation while suit for judicial review of Workers' Compensation Commission decision remained pending). As already

15

explained, the suit for judicial review is still pending before a Travis County district court. There has been no final resolution of the issues presented in that suit. Accordingly, the trial court abused its discretion by lifting the stay on litigation of the tort suit while the suit for judicial review was still pending. And Texas Mutual and Hellas have no adequate remedy by appeal. *See id.* at 190. Thus, Hellas has shown its entitlement to the writ of mandamus.

## CONCLUSION

For the reasons stated herein, we deny the Martinez Family's petition for writ of mandamus but conclude that Hellas has met its burden to establish its right to mandamus relief. We therefore grant a conditional writ ordering the district court presiding over the tort suit (Travis County No. D-1-GN-19-004416) to abate the litigation until there is a final decision in the suit for judicial review of the DWC's final order. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court fails to comply.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed:   July 28, 2022

16