Opinion filed August 7, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00097-CV

_____

**JENNIFER SANCHEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VERONICA SANCHEZ, AND EDWARD SANCHEZ, Appellants**

**V.**

**K&C CHICKEN 2, LLC, INDIVIDUALLY AND D/B/A BUSH'S CHICKEN, AND BUSH'S CHICKEN, Appellees**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV59433**

## MEMORANDUM OPINION

This is an appeal from an order granting a plea to the jurisdiction in a wrongful death case that arises out of the death of Veronica Sanchez, an employee of Appellees, K&C Chicken 2, LLC d/b/a Bush's Chicken and Bush's Chicken (collectively K&C). Appellant, Jennifer Sanchez, complains that the trial court erred

when it determined that the Texas Department of Insurance—Division of Workers' Compensation (DWC) has exclusive jurisdiction to determine whether the death of Veronica was compensable under Texas workers' compensation law. Because the Texas Supreme Court has now resolved this issue in *University of Texas Rio Grande Valley v. Oteka*, No. 23-0167, 2025 WL 1668315 (Tex. June 13, 2025) (*Oteka II*), we reverse and remand.

*Factual and Procedural Background*

In February 2022, Veronica was employed by K&C. On February 17, Veronica was shot and killed by a coworker after she stepped out of the back door of the building where she worked to retrieve some supplies. Following Veronica's death, Jennifer, who is Veronica's mother, filed a workers' compensation claim. However, K&C's carrier denied the claim because Veronica's "death arose out of an act of a third person who intended to injure her because of a personal reason and the act was not directed at her as an employee or because of the employment."[1]

Jennifer did not attempt to challenge the denial by initiating a proceeding against the carrier in the DWC. *See* TEX. LAB. CODE ANN. § 410.024 (West 2015). Instead, she filed suit in Midland County, alleging, among other things, a cause of action for negligence against K&C.

K&C's answer is not before us. However, the record indicates that K&C asserted an affirmative defense based on the exclusive remedy provision of the Texas Workers' Compensation Act. *See* LAB. § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of . . . a legal beneficiary . . . for the death of . . . the employee.").

---

[1]Under the Texas Workers' Compensation Act, an insurance carrier is liable for compensation when "the injury arises out of and in the course and scope of employment." TEX. LAB. CODE ANN. § 406.031(a)(2) (West 2015). However, an insurance carrier is not liable to pay compensation when the injury "arose out of an act of a third person intended to injure the employee because of a personal reason and not directed at the employee as an employee or because of the employment." LAB. § 406.032(1)(C).

2

Following its answer, K&C filed a combined motion for summary judgment and plea to the jurisdiction. The trial court granted the plea to the jurisdiction, and this appeal followed.

*Analysis*

K&C's motion was predicated on the argument that, because the DWC is invested with exclusive jurisdiction to determine the question of whether the claimant has suffered a compensable injury, Jennifer was obligated to exhaust her administrative remedies with the DWC before the parties could move forward with her lawsuit. *See, e.g.*, *Henry v. Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002) (recognizing that the question of whether the claimant is entitled to workers' compensation benefits is within the exclusive jurisdiction of the DWC).

At the time that K&C filed its motion, and at the time this appeal was filed, the Texas Supreme Court had not yet addressed the question of whether an injured employee (or, in this case, a family member seeking benefits arising out of the death of an injured employee) must initiate and resolve a proceeding for workers' compensation before it can proceed with a suit against the employer. Furthermore, while Jennifer's lawsuit and subsequent appeal were pending, a split developed between the courts of appeals on the issue. *See Univ. of Tex. Rio Grande Valley v. Oteka*, 704 S.W.3d 1, 5 (Tex. App.—Corpus Christi–Edinburg 2023) (*Oteka I*), *aff'd*, No. 23-0167, 2025 WL 1668315, at *1 (Tex. June 13, 2025) (Following the denial of her claim, an injured employee was not required to exhaust her administrative remedies before filing a personal injury lawsuit against the employer.); *In re Prentis*, 702 S.W.3d 762, 773–74 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding) (disagreeing with the Thirteenth Court of Appeals' holding in *Oteka I* and concluding that, because the claimant failed to exhaust his administrative remedies following the denial of his workers' compensation claim,

3

the trial court lacked subject matter jurisdiction to consider a personal injury claim against the employer).

The Texas Supreme Court has now resolved this conflict following a petition for review in *Oteka I*, holding that the DWC "does not have exclusive jurisdiction to determine whether an injury occurred in the course and scope of employment when (1) the employer raises the issue as an affirmative defense outside the compensability context and (2) the employee's requested relief does not depend on any entitlement to benefits."  2025 WL 1668315, at *7 & n.51 (affirming the Thirteenth Court of Appeals and disapproving *Prentis*).

Because both of the conditions that are set out by the Texas Supreme Court in *Oteka II* are present in this case, we sustain Jennifer's first issue in which she complains that the trial court erred in granting the plea to the jurisdiction.[2]

*This Court's Ruling*

We reverse the judgment of the trial court and we remand this cause to the trial court for further proceedings consistent with this opinion and with the Texas Supreme Court's opinion in *Oteka II*.


JOHN M. BAILEY
CHIEF JUSTICE


August 7, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]As a result of our holding, we do not reach Jennifer's second issue that, if the trial court lacked jurisdiction, it should have abated the case rather than dismissing it.  *See* TEX. R. APP. P. 47.1.

4