

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-17-00235-CV

Yolanda Jaime **BERRELEZ**,
Appellant

v.

**MESQUITE LOGISTICS USA, INC.**,
Appellee

From the 293rd Judicial District Court, Dimmit County, Texas
Trial Court No. 14-10-12408-DCV
Honorable Ron Carr, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  August 15, 2018

AFFIRMED

Appellant Yolanda Jaime Berrelez appeals from the trial court's order granting appellee

Mesquite Logistics USA, Inc.'s motion to dismiss based on Berrelez's failure to exhaust her

administrative remedies under the Texas Workers' Compensation Act ("the Act").  On appeal,

Berrelez contends she was not required to exhaust administrative remedies because her claims are

subject to the "personal animosity" exception in section 406.032(1)(C) of the Act, and therefore,

[1] The Honorable Cynthia Muniz is the presiding judge of the 293rd Judicial District Court, Dimmit County, Texas. The order that is the subject of this appeal was signed by the Honorable Ron Carr, Senior Appellate Judge, sitting by assignment.

she was outside the course and scope of her employment at the time of her injury.  We affirm the order of dismissal.

## BACKGROUND

Berrelez was employed by Mesquite Logistics as a housekeeper at Mesquite Lodge. According to Berrelez, Mesquite Lodge provides housing for oil field workers.  Berrelez claims her duties as housekeeper included cleaning rooms, removing trash, and providing clean linens and bedding for the guests.  One day, when Berrelez was on duty, a Mesquite Lodge guest, Manuel Hugo Mascorro, sexually assaulted her.  Mascorro ultimately pled guilty to indecent exposure.

After the sexual assault, Mesquite Logistics, a subscriber to workers' compensation under the Act, submitted a workers' compensation claim to its insurance carrier.  The carrier electronically filed an "Employer's First Report of Injury" with the Texas Department of Insurance, Division of Workers' Compensation ("the DWC"), reporting a "mental trauma injury" sustained by Berrelez.  The DWC assigned the matter a claim number.  An adjustor with the insurance carrier contacted Berrelez by letter, asking that she contact the carrier to discuss the workers' compensation claim.  The carrier determined Berrelez had a compensable injury for mental trauma and set medical reserves of $2,000.00.

Berrelez resigned from Mesquite Logistics and never contacted the insurance carrier. Rather, counsel for Berrelez sent a demand letter to Mesquite Logistics.  Thereafter, Berrelez filed suit against Mesquite Logistics and Mascorro.  As to Mesquite Logistics, Berrelez asserted a premises liability claim, alleging Mesquite Logistics "had actual or constructive knowledge that the premises were unsafe, that these conditions posed an unreasonable risk, and that it did not exercise reasonable care to reduce or eliminate the risk of harm, and that such failure proximately caused injuries to Berrelez who was, then and there, an invitee on the premises."  Berrelez also asserted Mesquite Logistics committed numerous acts of gross negligence.  As is pertinent to this

appeal, Berrelez alleged in her live pleading that she was not in the course and scope of her employment at the time of the assault. She alleged her injuries were the result of an intentional act by Mascorro, who acted upon personal reasons that were not based on Berrelez's status as an employee of Mesquite Logistics.

Mesquite Logistics ultimately filed a motion to dismiss Berrelez's suit based on the exclusive remedy provision of the Act and Berrelez's failure to exhaust her administrative remedies thereunder. Berrelez responded, arguing her claims were "excepted" from the Act pursuant to section 406.032(1)(C), which provides an insurance carrier is not liable for compensation if the employee's injuries were the result of an act of a third person who intended to injure the employee for personal reasons that were not directed at the employee as an employee or because of her employment. *See* TEX. LAB. CODE ANN. § 406.032(1)(C) (West 2015). This exception is commonly referred to as the "personal animosity" exception. *See, e.g., Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806–07 (Tex. 1999); *Nasser v. Sec. Ins. Co.*, 724 S.W.2d 17, 18 (Tex. 1987).

After a hearing, the trial court granted the motion to dismiss, finding Berrelez had not exhausted her administrative remedies under the Act and her claims were barred by the Act's exclusive remedy provision. Thereafter, the trial court severed Berrelez's claim against Mascorro, creating a final, appealable judgment with regard to the order of dismissal in favor of Mesquite Logistics. Berrelez then perfected this appeal.

## ANALYSIS

On appeal, Berrelez contends the trial court erred in dismissing her suit against Mesquite Logistics. Relying on the "personal animosity" exception, she claims it was unnecessary for her to exhaust her administrative remedies because she was not in the course and scope of her employment at the time of the assault. Thus, she argues her claims are "exempted" from the Act.

Mesquite disagrees, arguing that whether Berrelez was in the course and scope of her employment at the time of the assault was an issue within the exclusive province of the DWC, mandating that she first exhaust her administrative remedies prior to filing suit.

### Standard of Review

Whether a trial court has subject matter jurisdiction, including the issue of exhaustion of administrative remedies, is a question of law. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 486–87 (Tex. App.—El Paso 2014, no pet.); *see Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because the existence of subject matter jurisdiction is a question of law, we conduct a de novo review. *Rhule*, 417 S.W.3d at 442; *Miranda*, 133 S.W.3d at 228.

When, as here, a motion to dismiss based on an absence of jurisdiction (a plea to the jurisdiction) challenges the pleadings, we must determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Meyers v. JDC/Firethorne, Ltd.*, No. 17-0105, 2018 WL 2749769, at *6 (Tex. June 8, 2018); *Hearts Bluff Game Ranch, Inc.*, 381 S.W.3d at 476 (citing *Miranda*, 133 S.W.3d at 226–27); *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (same). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Meyers*, 2018 WL 2749769, at *6; *Hearts Bluff Game Ranch, Inc.*, 381 S.W.3d at 476; *Kirwan*, 298 S.W.3d at 622. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Meyers*, 2018 WL 2749769, at *6; *Miranda*, 133 S.W.3d at 226–27 If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea

to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Meyers*, 2018 WL 2749769, at *6; *Miranda*, 133 S.W.3d at 227

### *Application*

In her First Amended Petition, Berrelez affirmatively pled she was not in the course and scope of her employment at the time of the attack. She argues she was not in the course and scope of her employment for purposes of the Act because the assault falls within the "personal animosity" exception in section 406.032(1)(C) of the Act. *See* TEX. LAB. CODE ANN. § 406.032(1)(C). In its motion to dismiss, Mesquite Logistics alleged Berrelez was in the course and scope of her employment — exception or not — and she was therefore required to exhaust her administrative remedies under the Act prior to filing suit in district court. Thus, the issue before this court is whether an employee who claims an exception under section 406.032 of the Act must first exhaust her administrative remedies prior to filing suit.

When the Texas Legislature creates an administrative agency, it may grant that agency the initial authority to resolve disputes within the agency's regulatory domain. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (citing *Rhule*, 417 S.W.3d at 442). "If the Legislature expressly or impliedly grants an agency sole authority to make an initial determination in such disputes, the agency has exclusive jurisdiction, and a party 'must exhaust its administrative remedies before seeking recourse through judicial review.'" *Id.* If a party files suit in court before exhausting exclusive administrative remedies, the court must dismiss the suit for lack of jurisdiction. *Id.* (citing *Essenburg v. Dallas Cnty.*, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam) (holding that "[A] plaintiff's failure to exhaust administrative remedies may deprive courts of subject matter jurisdiction in the dispute.")).

Requiring a party to exhaust her administrative remedies prior to filing suit does not deprive her of any legal rights. *Id.* Rather, "it honors the Legislature's intent that 'the appropriate

body adjudicates the dispute' first … and thereby ensure[s] an orderly procedure to enforce those rights." *Id.* (citations omitted). The exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed. *Id.* (citing *McKart v. United States*, 395 U.S. 185, 194 (1969); Kenneth Culp Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction: 1*, 28 TEX. L. REV. 168, 169 (1949) (stating that "[p]remature judicial intervention may defeat the basic legislative intent that full use should be made of the agency's specialized understanding within the particular field.")). Moreover, a party may obtain relief through the administrative process, avoiding the expense and delay of litigation. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *McKart*, 395 U.S. at 195). If the party is dissatisfied with the outcome of the administrative process, she may then file suit and have the courts review the agency's decision. *Id.* at 544–45 (citing *Tex. Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex. 1993); Ronald L. Beal, TEXAS ADMINISTRATIVE PRACTICE AND PROCEDURE, § 5.5.5, at 5–34 (2015) (stating "The purpose of the [primary-jurisdiction] doctrine is to assure that the agency will not be bypassed on what is specifically committed to it; the district court will remain open after the agency has acted.")).

The DWC has exclusive jurisdiction to determine compensability because the Act vests the power to determine whether a claimant is entitled to workers' compensation benefits solely in the DWC, subject to judicial review. TEX. LAB. CODE ANN. § 408.001(a); *see Henry v. Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002) (per curiam) (citing *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001)). As stated by the supreme court, a court cannot "award damages for a denial in payment of compensation benefits without a determination by the [DWC] that such benefits were due" because a court cannot adjudicate a damage claim without first determining whether the claimant was entitled to damages in the first instance, a matter within the DWC's exclusive jurisdiction. *Henry*, 70 S.W.3d at 809 (quoting *Fodge*, 63 S.W.3d at 804). Moreover,

and as is relevant to this appeal, the DWC's exclusive jurisdiction to determine compensability necessarily encompasses the exclusive jurisdiction to determine whether an injury occurred in the course and scope of employment because "compensable injury" is defined in the Act as "an injury that arises out of and in the course and scope of employment for which compensation is payable" under the Act. TEX. LAB. CODE ANN. § 401.011(10).

In this case, the parties dispute whether Berrelez was in the course and scope of her employment at the time of the assault. As set out above, the determination of whether an employee was in the course and scope of her employment at the time of the alleged injury is a matter within the initial, exclusive jurisdiction of the DWC. *See id.* §§ 408.001(a), 401.011(10); *see also Henry*, 70 S.W.3d at 809. Thus, we hold the trial court properly dismissed Berrelez's claims against Mesquite Logistics for failure to exhaust her administrative remedies before the DWC, thereby depriving the trial court of subject matter jurisdiction. *See Marquez*, 487 S.W.3d at 544; *Essenburg*, 988 S.W.2d at 189.

Berrelez contends she was not in the course and scope of her employment at the time of the assault — and therefore not required to exhaust administrative remedies before the DWC — based on the personal animosity exception, arguing applicability of the exception removes her claims from the Act. Section 406.032 of the Act provides that an insurance carrier is not liable for compensation if, among other things, the employee's injury "arose out of an act of a third person intended to injure the employee because of a personal reason and not directed at the employee as an employee or because of the employment[.]" TEX. LAB. CODE ANN. § 406.032(1)(C).[2]

---

[2] The Act also provides "exceptions" if the employee was intoxicated, the injury was caused by the employee's willful attempt to injure himself or unlawfully injure another, arose out of voluntary participation in an off-duty event if that was not part of work-related duties, or arose out of an act of God. TEX. LAB. CODE ANN. § 406.032(1)(A), (B), (D), (E). An employer is likewise not liable for compensation if the employee's horseplay was a producing cause of the injury. *Id.* § 406.032(2).

However, the exceptions listed in section 406.032 do not remove a dispute from exclusive jurisdiction of the DWC; rather, they merely "help[] delineate exactly which actions occur within the course and scope of employment and those that do not." *Medina v. Herrera*, 927 S.W.2d 597, 606 n.1 (Tex. 1996) (Enoch, J., concurring in part and dissenting in part). We have found numerous cases in which the DWC made the initial determination regarding the applicability of an exception under section 406.032 as part of its "course and scope" determination. *See, e.g., Commerce & Indus. Ins. Co. v. Ferguson-Stewart*, 339 S.W.3d 744, 747 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (intoxication exception); *Powers v. Tex. Mut. Ins. Co.*, No. 11-08-00088-CV, 2010 WL 337144, at *1 (Tex. App.—Eastland Jan. 29, 2010, pet. denied) (mem. op.) (intoxication exception); *Adkins v. Tex. Mut. Ins. Co.*, No. 04-07-00750-CV, 2008 WL 4500322, at *1–*2 (Tex. App.—San Antonio Oct. 8, 2008, no pet.) (mem. op.) (voluntary participation in off-duty recreational activity exception); *Sanchez v. State Office of Risk Mgmt.*, 234 S.W.3d 96, 98–100 (Tex. App.—El Paso 2007, no pet.) (intoxication exception); *Tex. Mut. Ins. Co. v. Havard*, No. 01-07-00268-CV, 2008 WL 598347, at *1 (Tex. App.—Houston [1st Dist.] Mar. 6, 2008, no pet.) (mem. op.) (intoxication exception); *Lumbermens Mut. Cas. Co. v. Green*, No. 14-05-00631-CV, 2006 WL 462335, at *2–*3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, no pet.) (mem. op.) (personal animosity exception); *Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 114 (Tex. App.—Beaumont 2005, pet. denied) (intoxication exception); *Vasquez v. Six Flags Houston, Inc.*, 120 S.W.3d 445, 446–47 (Tex. App.—Texarkana 2003, no pet.) (horseplay exception); *Tex. Workers' Comp. Ins. Fund v. Rodriguez*, 953 S.W.2d 765, 766 (Tex. App.—Corpus Christi 1997, writ denied) (voluntary participation in off-duty recreational activity exception). Accordingly, we hold that merely pleading an exception under section 406.032, including the personal animosity exception, does not remove a claim from the jurisdiction of the DWC and its exclusive right, in the first instance, to determine whether an employee was in the course and scope of employment

at the time of the alleged injury. In sum, we hold Berrelez had to exhaust her administrative remedies under the Act before filing suit in district court. We therefore overrule her appellate complaints.

## CONCLUSION

Based on the foregoing, we hold the trial court did not err in dismissing Berrelez's claims based on her failure to exhaust her administrative remedies under the Act. Berrelez's failure to exhaust her administrative remedies deprived the trial court of subject matter jurisdiction, mandating dismissal of Berrelez's claims against Mesquite Logistics. Accordingly, we affirm the trial court's order of dismissal.

Marialyn Barnard, Justice