

# NUMBER 13-22-00063-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE UNIVERSITY OF TEXAS
RIO GRANDE VALLEY,                                                    Appellant,

v.

RITA OTEKA,                                                          Appellee.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellee Rita Oteka sued appellant the University of Texas Rio Grande Valley (UTRGV) for personal injuries after she was struck by a UTRGV police officer vehicle. UTRGV filed a plea to the jurisdiction, which the trial court denied. In one issue, UTRGV argues that the trial court erred because Oteka, a UTRGV employee, failed to exhaust

her administrative remedies with the Texas Division of Workers' Compensation (the Division). We affirm.[1]

## I. BACKGROUND

On May 11, 2019, Oteka, a UTRGV nursing professor, attended a graduation ceremony for UTRGV students at the McAllen Convention Center. As she was walking to her car after the ceremony, a vehicle driven by a UTRGV police officer struck her in the parking lot, causing her to suffer personal injuries. UTRGV, a self-insured employer for workers' compensation insurance, notified its claim administrator of Oteka's injury on June 4. The claims administrator then filed a form with the Division reporting a work-related injury. On June 7, 2019, the claims administrator reached out to Oteka concerning workers' compensation coverage, and Oteka replied that she was using her private insurance. UTRGV thereafter denied coverage.

On December 1, 2020, Oteka sued UTRGV for negligence.[2] UTRGV answered suit, asserting the exclusive remedy defense under the Texas Workers' Compensation Act (TWCA). *See* TEX. LAB. CODE ANN. § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee."). On January 26, 2022, over two-and-a-half years after Oteka

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022.

[2] Oteka named UTRGV as a defendant in an amended petition. Initially, on September 29, 2020, Oteka filed an original petition naming Abel Jesus Rodriguez, IV as a defendant. Thereafter, Oteka reached a Rule 11 agreement with Rodriguez's counsel to substitute UTRGV as the defendant pursuant to § 101.106(f) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); TEX. R. CIV. P. 11.

sustained her injuries, UTRGV's claims administrator accepted coverage. Afterwards, UTRGV filed a plea to the jurisdiction alleging that Oteka failed to exhaust her administrative remedies with the Division regarding the compensability of her injuries. *See id.* § 413.031. UTRGV argued that the compensability determination, including whether Oteka was in the course and scope of her employment, is within the exclusive jurisdiction of the Division. It attached evidence establishing that it was a self-insured employer for workers' compensation insurance and that Oteka did not pursue a determination of compensability with the Division before filing suit.

Oteka filed a response, arguing that the jurisdictional record established she was not in the course and scope of employment at the time of her injury, or there was at least a fact issue in this regard. Therefore, Oteka contended she was not required to exhaust her administrative remedies under the TWCA. UTRGV then filed a supplemental plea addressing Oteka's arguments. After a non-evidentiary hearing, the trial court denied UTRGV's plea. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's

3

ruling on a plea to the jurisdiction de novo. *Id*. When an agency has exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction. *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (per curiam). Here, the determinative facts are undisputed—Oteka did not file a claim with the Division regarding the compensability of her injuries under the TWCA. Therefore, we review de novo whether she was required to do so before bringing the present suit. *See id.*

The TWCA vests the Division with exclusive jurisdiction to determine the ultimate question of whether the claimant is entitled to workers' compensation benefits. *Berry Contracting, L.P. v. Mann*, 549 S.W.3d 314, 320 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied); *see* TEX. LAB. CODE ANN. Ch. 410 ("Adjudication of Disputes"); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001) (explaining that because a claim for bad-faith denial of benefits depends upon the ultimate question of whether the claimant was entitled to benefits in the first place, the bad-faith issue was also subject to the Division's exclusive jurisdiction over compensability determinations). A "claim" may be initiated by "[a]n employee or a person acting on the employee's behalf . . . not later than one year after the date on which . . . the injury occurred." TEX LAB. CODE ANN. § 409.003. Relatedly, an employer who subscribes to workers' compensation insurance may raise the exclusive remedy provision as a bar to a negligence claim filed against it. TEX. LAB. CODE ANN. § 408.001(a); *see Robles v. Mount Franklin Food, L.L.C.*, 591 S.W.3d 158, 165 (Tex. App.—El Paso 2019, pet. denied). An injury is compensable and

4

subject to the exclusive remedy bar if it "arises out of and in the course and scope of employment[.]" TEX. LAB. CODE ANN. § 401.011(10); *see also City of Corpus Christi v. Muller*, No. 13-18-00443-CV, 2019 WL 2384162, at *2 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.).

## III.    DISCUSSION

UTRGV does not assert that Oteka was in the course and scope of employment such that the exclusive remedy provision bars Oteka's negligence claim. Rather, it argues that this determination is within the exclusive jurisdiction of the Division. It maintains that the trial court lacks jurisdiction because Oteka did not exhaust her administrative remedies.

This Court addressed a similar issue in *Mann*, 549 S.W.3d 314. In that case, Mann was injured crossing the road near a refinery where he was acting as a foreman for a project undertaken by his employer Berry Contracting d/b/a Bay Ltd. (Bay). *Id.* at 318. Bay submitted notice of the injury to the carrier for two possible policies. *Id.* at 319. One policy was procured by the refinery owner Valero and was designed to provide workers' compensation to contractors who worked on Valero projects. *Id.* The other policy was procured by Bay for the general protection of its employees. *Id*. Both carriers denied coverage, claiming that Mann was covered by the other policy. *Id.* The carriers disagreed as to whether Mann was in course and scope of his employment when injured. *Id.* Mann then filed a personal injury suit against Bay. *Id.* Meanwhile, Bay continued asking both insurance carriers to provide benefits, and it filed a claim with the Division seeking coverage and reimbursement from the carriers. *Id.* In the trial court, Mann filed a partial

motion for summary judgment seeking to defeat Bay's exclusive remedy defense, which the trial court granted. *Id.*

In considering the matter on permissive appeal, we addressed as a threshold issue whether the Division had exclusive jurisdiction over the suit. *Id.* at 320. We noted that the TWCA vests the Division with the exclusive jurisdiction to determine whether a claimant is entitled to workers' compensation benefits. *Id.* We then explained that the Texas Supreme Court has held that whether the injury occurred in the course and scope of employment is an issue that regards compensability. *Id.* (citing *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007)). Yet, we held that the Division did not have exclusive jurisdiction for two reasons. *Id.* First, we noted that the determination of whether any type of claim is within the exclusive jurisdiction of the Division depends on whether it is based on a claimant's entitlement to benefits. *Id*. We explained that Mann's personal injury suit was not based on the ultimate question of whether Mann was eligible for workers' compensation benefits. *Id.* We stated that "[t]here is no aspect of the personal injury suit that requires Mann to ultimately be eligible for workers' compensation benefits[.]" *Id*. at 321. We distinguished a personal injury suit from the bad-faith denial of benefits claim at issue before the court in *Fodge*, which does require eligibility for workers' compensation benefits. *Id.*

Second, we noted that "the Division's exclusive jurisdiction 'does not extend to all cases that touch on workers' compensation issues.'" *Id*. (quoting *AMS Constr. Co., Inc. v. K.H.K. Scaffolding Hous., Inc.*, 357 S.W.3d 30, 38 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd)). We observed that trial courts often decide disputes about whether the

TWCA's exclusive remedy provision applies as a defense to an injured worker's personal injury suit. *Id*. (citing *AMS Constr.*, 357 S.W.3d at 38); *see, e.g., Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012); *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 137–38 (Tex. 2003); *Reveles v. OEP Holdings, LLC*, 574 S.W.3d 34, 37–39 (Tex. App.—El Paso 2018, no pet.); *see also Medrano v. Kerry Ingredients & Flavours, Inc*., No. 02-20-00247-CV, 2021 WL 1323432, at *2 (Tex. App.—Fort Worth Apr. 8, 2021, no pet.) (mem. op.) (following *Mann* and holding that the appellant's personal injury claim was not based on his entitlement to benefits and was not subject to the Division's exclusive jurisdiction); *Muller*, 2019 WL 2384162, at *3 (affirming the trial court's denial of a plea to the jurisdiction asserting the application of the exclusive remedy defense because there was a fact issue regarding whether the employee was in the course and scope of employment).

Although procedurally different, the present case involves the same legal issue before us in *Mann*. Oteka did not file a claim for workers' compensation benefits, instead filing a personal injury suit. UTRGV asserted the exclusive remedy defense, claiming she was in the course and scope of her employment. UTRGV has not had the merits of the defense considered by the trial court, instead moving for dismissal on the ground that the course and scope issue was in the exclusive jurisdiction of the Division. Guided by our holding in *Mann*, we conclude that Oteka's suit is not based on the ultimate question of whether she is eligible for workers' compensation benefits. As we previously observed, it is "just the opposite, if [Oteka's] injury is compensable, this would likely bar [her] suit pursuant to the exclusive-remedy defense." *Mann*, 549 S.W.3d at 321 (citing *Walls Reg'l*

*Hosp. v. Bomar*, 9 S.W.3d 805, 806 (Tex. 1999) (per curiam)). Therefore, she was not required to exhaust her administrative remedies with the Division.

UTRGV relies on authority that is either inapposite or contrary to this Court's prior holding. *See Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69 (Tex. App.—San Antonio 2018, no pet.); *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding); *see also In re Hellas Constr., Inc.*, No. 03-21-00182-CV, 2022 WL 2975702 (Tex. App.—Austin July 28, 2022, orig. proceeding) (mem. op.). In both *In re Tyler* and *In re Hellas*, there were collateral proceedings for judicial review of the Division's decisions regarding compensability in addition to the personal injury suits. Each court of appeals held that because the administrative process had been invoked by one of the parties, the personal injury suits should be abated pending the outcome of the judicial review proceedings. *In re Hellas*, 2022 WL 2975702, at *7; *In re Tyler*, 107 S.W.3d at 843. The courts did not conclude in either case that the personal injury suit must be dismissed for jurisdictional reasons—the remedy sought by UTRGV in this case. We find *In re Tyler* and *In re Hellas* inapposite, as there is no collateral proceeding in which the Division made a determination regarding the compensability of Oteka's injuries, and the remedy afforded in those cases was abatement—not dismissal.

In *Berrelez*, an employee of a hotel was sexually assaulted by a hotel guest while performing housekeeping duties. 562 S.W.3d at 71. The employer submitted a workers' compensation claim to its insurance carrier which determined that the employee had a compensable injury for mental trauma. *Id.* The employee resigned her position and never

8

contacted the carrier. *Id.* She later filed a premises liability claim against the employer. *Id.* The trial court granted the employer's motion to dismiss on the grounds that the employee had not exhausted her administrative remedies and her claims were barred by the exclusive remedy provision. *Id.* at 72. The San Antonio Court of Appeals affirmed the dismissal, holding that the Division's exclusive jurisdiction to determine compensability encompassed the determination of whether an injury occurred in the course and scope of employment, and therefore the employee failed to exhaust her administrative remedies. *Id.* at 74.

*Berrelez* is factually distinguishable in that the workers' compensation carrier offered coverage before the employee filed suit. Here, the carrier did not accept coverage until after Oteka's negligence suit was filed and almost two-and-a-half years after she sustained her injuries. More importantly, we held in *Mann* that a personal injury suit is not based on the ultimate question of whether the employee is eligible for workers' compensation benefits, even when the employer contends that the employee was in the course and scope of employment. *See* 549 S.W.3d at 321. Should the employer be correct on this contention, they have statutory protection in the exclusive remedy defense. *See* TEX. LAB. CODE ANN. § 408.001(a).

To the extent that our sister court's opinion in *Berrellez* conflicts without our own, we are bound to follow our prior decision in *Mann*. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (explaining that under the doctrine of horizontal *stare decisis*, a court of appeals panel "must follow materially indistinguishable decisions of earlier panels of the same court"). We hold that Oteka was not required to exhaust her administrative

9

remedies with the Division before filing a personal injury suit. *See Mann*, 549 S.W.3d at 321. Therefore, the trial court did not lack jurisdiction for this reason, and it did not err in denying UTRGV's plea to the jurisdiction. *See In re Accident Fund.*, 543 S.W.3d at 752. We overrule UTRGV's sole issue.

### IV. CONCLUSION

We affirm the trial court's order.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of January, 2023.