**Opinion issued August 20, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00616-CV**

_____

## IN RE THOMAS S. PRENTIS AND LAKE MANAGEMENT SERVICES, LP, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## OPINION

Relators Thomas S. Prentis and Lake Management Services, LP filed a Petition for Writ of Mandamus asking this Court to vacate the trial court's order denying their Plea to the Jurisdiction.  Relators argue that because the trial court lacks jurisdiction over Real Party in Interest Desi Sykes' claims against Relators, the

trial court should have granted their Plea and entered a final judgment dismissing Sykes' claims without prejudice.[1]

We conditionally grant the Writ.

## Background

The underlying case arises out of an automobile accident on August 2, 2019. Thomas Prentis and Sykes were traveling in a Ford F250 truck owned by Lake Management Services, LP. Prentis was driving the truck and Sykes was sleeping in the rear passenger-side seat when the collision occurred. At the time of the accident, Sykes and Prentis were employees of Lake Management and both were compensated on an hourly basis.

Sykes filed suit against Lake Management and Prentis advancing a negligence claim for alleged physical injuries sustained in the accident. In their first supplemental and amended answer, Relators asserted "the exclusive remedy provision of the Worker's Compensation Act as a bar to [the] suit for negligence against [them]." Relators later filed a Motion for Summary Judgment seeking dismissal of Sykes' lawsuit arguing that his claims were "barred by the exclusive

---

[1] The underlying case is *Desi Sykes v. Thomas S. Prentis and Lake Mgmt. Serv., LP*, cause number 21-DCV-283331, pending in the 268th District Court of Fort Bend County, Texas, the Honorable Steve Rogers presiding.

2

remedies provision in the Texas Worker's Compensation Act."[2]  The district court judge denied the summary judgment motion in August 2022.[3]

Relators filed a Motion to Reconsider the trial court's denial of their summary judgment motion and they also filed a Plea to the Jurisdiction arguing the court lacked subject matter jurisdiction over Sykes' negligence lawsuit.  Relators argued that because Sykes was injured "in the course and scope of his employment with Lake Management" who "is a subscriber of worker's compensation insurance," Sykes' claims are "governed by the Texas Worker's Compensation Act."  Because Sykes had not exhausted his administrative remedies under the Act, Relators argued the trial court lacked jurisdiction.[4]

Sykes filed a response to Relators' Plea arguing that because there is a fact issue as to whether he was in the course and scope of his employment when the accident occurred, it is "highly disputed" that workers' compensation applies and as

---

[2]  Sykes separately filed a partial Motion for Summary Judgment on the question of duty and breach, which the trial court granted.  The trial court's ruling on that motion is not at issue here.

[3]  Former District Court Judge O'Neil Williams, who then presided over the 268th Fort Bend District Court, signed the order in August 2022.  The judge who signed the order Relators now challenge in their Petition for Writ of Mandamus is District Court Judge Steve Rogers, who assumed office in January 2023.

[4]  In support of their Plea, Relators attached excerpts from the deposition of Sykes and Prentis, sworn affidavits from the Controller and Human Resources Manager at Lake Management and the Senior Manager of Corporate Underwriting at Texas Mutual Insurance Company, and a copy of Lake Management's worker's compensation insurance policy.

such, Relators' Plea "should be denied." Sykes argued that the trial court had already determined, in denying Relators' Motion for Summary Judgment, that a fact issue existed on this issue and that Relators were "simply rehashing the same factual disputes disguised in different motions."

On March 6, 2023, the Associate Judge held a hearing on Relators' Motion to Reconsider and their Plea to the Jurisdiction. A few days later, on March 13, 2023, the Associate Judge signed three orders, but only two are relevant to the issue before us: one order granting Relators' Plea to the Jurisdiction and dismissing Sykes' claims against Relators without prejudice, and another denying Relators' Motion to Reconsider the prior denial of their Motion for Summary Judgment.[5]

Perceiving a conflict in the two signed orders, Sykes filed a Motion for Reconsideration/Clarification of the trial court's March 13 orders, arguing the two were inconsistent and entered in error. Sykes argued that because Relators' Plea to the Jurisdiction and Motion for Summary Judgment were premised on the same arguments and were "inextricably intertwined in both law and fact," one order could not be denied while the other granted. Relators responded that the orders were not in error and the trial correctly had concluded it lacked jurisdiction over the suit

---

[5] The Associate Judge also signed a third order denying Relators' Motion to Reconsider the trial court's prior order granting Sykes' Motion for Partial Summary Judgment on the question of duty and breach. That third order is not relevant to the issues raised in Relators' Petition for Writ of Mandamus.

because "the exclusive remedies defense applied" and Sykes had not exhausted his administrative remedies under the Act. Relators thus concluded that the trial court's order granting their Plea was correct and Sykes' Motion for Reconsideration should be denied.

On May 5, 2023, the District Court Judge granted Sykes' Motion for Reconsideration. In his order, the trial court judge stated that after considering Sykes' "Motion for Reconsider[ation]/Clarification Regarding [Relators'] Plea to the Jurisdiction," the "Court clarifies that [Sykes'] Motion should be GRANTED because [Relators'] Plea to the Jurisdiction was DENIED." In the same order, the trial court ordered that Relators' "Plea to the Jurisdiction is (and was) DENIED" and it set the case for trial.

Relators filed a Petition for Writ of Mandamus challenging the trial court's order denying their Plea to the Jurisdiction. Relators argue that the trial court lacks jurisdiction over Sykes' negligence claims and thus erred in denying their Plea because (1) the "[t]he Division of Worker's Compensation . . . has exclusive jurisdiction to determine whether an employee was in the course and scope of his employment when his alleged injuries occurred;" and (2) Sykes "failed to first exhaust his administrative remedies" before filing suit. Relators request that we enter an order vacating the trial court's order, granting their Plea, and dismissing Sykes' claims without prejudice.

## Standard of Review

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To secure mandamus relief, a relator must establish that (1) the trial court committed a clear abuse of discretion or violated a duty imposed by law, and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Cap. Mgmt. L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (internal quotation marks and citations omitted).

Mandamus will not issue when there is a clear and adequate remedy at law. *Walker*, 827 S.W.2d at 840. We review the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). We consider whether mandamus will "preserve important substantive and procedural rights from impairment or loss, allow . . . appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare [the litigants] and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co.*

*of Am.*, 148 S.W.3d at 136. An appellate remedy is not inadequate merely because it may result in more expense or delay than in obtaining a writ. *Walker,* 827 S.W.2d at 842.

**Did the Trial Court Abuse its Discretion?**

Relators argue that the trial court erred in denying their Plea to the Jurisdiction because the Division of Workers' Compensation ("Division") has exclusive jurisdiction to determine whether Sykes was in the course and scope of his employment when his alleged injuries occurred. Because Sykes did not exhaust his administrative remedies before filing suit, Relators contend the court lacks jurisdiction. In his response, Sykes argues there is a fact question over whether he was in the course and scope of his employment when the accident occurred. He argues that the "hotly contested" issue of course and scope is an issue the trial court must consider.

A. **Applicable Law**

The Texas Legislature first enacted the Texas Workers' Compensation Act over a century ago to "balance[] two competing interests: providing compensation for injured employees and protecting employers from the cost of litigation." *Tex. Mut. Ins. Co. v. PHI Air Med., LLC,* 610 S.W.3d 839, 843 (Tex. 2020). The Act provides a "comprehensive system with specific benefits and procedures." *Woodard v. Tex. Dep't of Ins., Div. of Workers Comp.*, No. 01-22-00761-CV, 2023 WL

5535679 at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, pet. denied) (mem. op.) (citation omitted).

The "cornerstone provision" of the Act allows injured employees to receive workers' compensation benefits "in exchange for [giving up] the common law right to sue [their] employer[s] for negligence in the event of an on-the-job injury . . . ." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 450 (Tex. 2012). "The Act ultimately struck a bargain that allows employees to receive a lower, but more certain, recovery than would have been possible under the common law." *See SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 642 (Tex. 2015). Employees can "recover workers' compensation benefits for injuries in the course and scope of employment without proving fault by the employer and without regard to their negligence or that of their coworkers." *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012) (citing TEX. LAB. CODE § 406.031). In exchange, an employer's liability for work-related injuries is limited to the payment of benefits under the Act. *See id.*

An employee of a subscribing employer who desires to retain his "common-law right of action to recover damages for personal injuries" may opt out and waive coverage under the Act thereby retaining his common-law right in the event he is injured on the job. *See* TEX. LAB. CODE § 406.034(b). But for employees who do

8

not opt out, the exclusive remedy for a work-related injury is "[r]ecovery of workers' compensation benefits" under the Act. *See id.* § 408.001(a).

The Act contemplates potential disputes between injured workers and insurance carriers. *See Ruttiger*, 381 S.W.3d at 437, 450–51; *see also Woodard*, 2023 WL 5535679, at *6. To that end, the Act provides a dispute resolution process consisting of three administrative steps: (1) a review conference conducted by a benefit review officer, (2) a contested case hearing before an administrative law judge, and (3) review by an administrative appeals panel. *See Ruttiger*, 381 S.W.3d at 437 (citing TEX. LAB. CODE §§ 410.021, 410.025, 410.151, 410.202). "[A]fter exhausting [these] administrative remedies, a party aggrieved by a final decision of the . . . appeals panel may seek judicial review of the panel's final decision." *Am. Zurich Ins. Co. v. Miller*, No. 01-22-00666-CV, 2023 WL 5535678 at *3 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, pet. denied) (citing TEX. LAB. CODE § 410.251) (internal quotation marks omitted). A party may not seek judicial review under the Act without first exhausting his administrative remedies. *In re Metro. Transit Auth.*, 334 S.W.3d 806, 810–11 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). Failure to exhaust administrative remedies before filing suit renders a trial court without subject matter jurisdiction. *Id*. at 810.

The Division is the agency that oversees the workers' compensation system and adjudicates workers' compensation benefit disputes. *See* TEX. LAB. CODE §§

402.001, 410.002–.302. The Act "vests the power to award compensation benefits solely in the [Division] . . . subject to judicial review." *In re Tex. Mut. Ins. Co.*, 157 S.W.3d 75, 78 (Tex. App.—Austin 2004, orig. proceeding). Relevant here, the Act vests the Division with the sole authority to determine whether an employee suffered a "compensable injury" entitling him to workers' compensation benefits. *See Henry v. Dillard Dept. Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002); *see also In re Metro. Transit Auth.*, 334 S.W.3d at 810–11. A "compensable injury" is one that "arises out of and in the course and scope of employment for which compensation is payable" under the Act. TEX. LAB. CODE § 401.011(10); *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007). Because course and scope of employment is an element of compensability, the Division's "exclusive jurisdiction to determine compensability [thus] necessarily encompasses [the] exclusive jurisdiction to determine whether an injury . . . occurred in the course and scope of employment." *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

B.  Analysis

Relators argue that the trial court erred in denying their Plea to the Jurisdiction because the Division has exclusive jurisdiction to determine whether Sykes was in the course and scope of his employment when his alleged injuries occurred. Because Sykes did not exhaust his administrative remedies before filing suit, Relators

10

contend the court lacks jurisdiction. In support of their argument that "an employee must exhaust his remedies with the D[ivision], including a determination on course and scope, before pursuing personal injury claims against his employer, and that a failure to do so deprives the trial court of subject matter jurisdiction[,]" Relators rely on three opinions from our sister courts: *In re Hellas Constr., Inc.*, Nos. 03-21-00182-CV, 03-21-00233-CV, 2022 WL 2975702 (Tex. App.—Austin July 28, 2022 (orig. proceeding) (mem. op.), *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69 (Tex. App.—San Antonio 2018, no pet.), and *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832. We agree with Relators that all three support their position that the trial court erred in denying their Plea.

The proceedings in *In re Hellas Construction* ensued after a worker died from injuries caused by "heat stroke sustained while working on a construction site overseen by subcontractor Hellas Construction, Inc." 2022 WL 2975702, at *1. Because the worker's family did not believe he was an employee at the time of injury, they did not file a claim for workers' compensation benefits and instead filed a tort suit against Hellas. Hellas asserted the exclusive remedy defense in its answer, and it requested a "benefit review conference" with the Division. *Id.* Arguing the Division had exclusive jurisdiction to determine whether the worker was an employee at the time of his fatal injury, Hellas "filed a combined plea to the jurisdiction and motion for abatement" in the trial court. *Id.* at *2. The trial court

11

issued an order abating the tort case to allow the parties to invoke the Division's jurisdiction. *Id.* Several months later, the worker's family moved to lift the abatement arguing that the worker's beneficiaries had "never filed a claim for benefits, the statute of limitations to file such a claim had passed," and thus "there [wa]s no pending or disputed claim for worker's compensation benefits for [the Division] to resolve[,]" meaning "its exclusive jurisdiction [was] no longer triggered." *Id.* The trial court lifted the abatement and Hellas filed an original proceeding arguing the trial court had abused its discretion in doing so. *Id.*

Separately, Texas Mutual—the workers' compensation carrier for Hellas— had filed a request for a benefit review conference with the Division to determine whether the worker was an employee of Hellas at the time of his injury and death. *Id.* Following a contested case hearing, the administrative law judge determined that the worker had sustained a compensable injury, and that Hellas was his employer. *Id.* The worker's family appealed arguing that the jurisdiction of the Division had "never been invoked because [they] had chosen not to file a claim with the agency." *Id.* The appeals panel adopted the decision of the administrative law judge. The family sought judicial review of the appeals panel's decision in district court, but it later filed a plea to the jurisdiction seeking dismissal of its own suit for judicial review, arguing there was no dispute to resolve because no actual claim for benefits had been filed and the time to file one had expired. *Id.* at *3. After the trial court

12

denied the family's plea, the family filed an original proceeding arguing the district court had abused its discretion in denying their plea. *Id.*

In considering the parties' writs, the Austin Court of Appeals explained that the parties' disagreement concerned "whether [the] D[ivision] had exclusive jurisdiction to determine whether [the worker] was an employee acting in the course and scope of employment at the time of injury." *Id.* Hellas and Texas Mutual argued that exclusive jurisdiction was vested in the Division and that as such, the trial court in the judicial review suit correctly had denied the family's plea to the jurisdiction. *Id.* The worker's family on the other hand argued that the Division had "no jurisdiction over the dispute in the absence of a pending claim filed by [the worker's] beneficiaries," and therefore the trial court in the tort action had not erred in lifting the abatement. *Id.* Agreeing with Hellas and Texas Mutual, the court held that the Division "had exclusive jurisdiction over the question of eligibility regardless of whether there was, in fact, a pending claim or merely a potential claim" for benefits.[6] *Id.* at *5 (explaining that applicable regulations suggest that "a pending claim might not be a necessary predicate to invoke the agency's jurisdiction over the dispute."). The court further held that when the trial court in the tort action lifted the abatement, the "suit for judicial review [filed by Texas Mutual] was still pending, and there was

---

[6]  The court also rejected the argument that because the statute of limitations had expired to file a benefits' claim, the trial court presiding over the tort claim had properly lifted its abatement of the tort suit. *Id.* at *6.

13

therefore no final administrative determination that might allow the court to lift the abatement." *Id.* at *6. The trial court denied the family's petition for writ of mandamus, granted Hellas' petition, and issued a conditional writ ordering the district court presiding over the tort suit to abate the litigation until a final decision in the suit for judicial review issued. *Id.* at *6–7.

In *Berrelez v. Mesquite Logistics USA, Inc.*, a housekeeper employed by Mesquite Logistics was sexually assaulted while on duty by a Mesquite Lodge guest. 562 S.W.3d at 71. After the sexual assault, Mesquite submitted a workers' compensation claim to its insurance carrier. *Id.* The carrier determined that the housekeeper, Berrelez, had suffered a compensable injury, but Berrelez never contacted the carrier. *Id.* She resigned and filed suit against Mesquite instead asserting claims for premises liability and gross negligence. *Id.* Berrelez alleged that she was not in the course and scope of her employment when she was assaulted. *Id.* Mesquite filed a motion to dismiss Berrelez's suit based on the exclusive remedies provision of the Act and her failure to exhaust her administrative remedies. *Id.* at 71–72. Berrelez responded arguing her claims were exempted from the Act under the "personal animosity" exception because her injuries had resulted from the intentional act of a third person who intended to injure her for personal reasons unrelated to her employment. *Id.* at 72. The trial court granted the motion to dismiss

14

holding that Berrelez had not exhausted her administrative remedies under the Act and thus her claims were barred under the Act's exclusive remedies provision. *Id.*

The San Antonio Court of Appeals affirmed holding that while the parties disputed whether Berrelez was in the course and scope of her employment at the time of the assault, the determination of that issue "is a matter within the initial, exclusive jurisdiction of the D[ivision]." *Id.* at 74. And merely pleading an exception, such as the "personal animosity" exception, "does not remove a claim from the jurisdiction of the [Division] and its exclusive right, in the first instance, to determine whether an employee was in the course and scope of employment at the time of the alleged injury." *Id.* at 75. The Court concluded that because Berrelez had not exhausted her administrative remedies before the Division, the trial court lacked jurisdiction over her claim, and therefore dismissal was proper. *Id.*

In *In re Tyler Asphalt & Gravel Co., Inc.*, an employee was electrocuted and died while using a power sprayer to wash his car on his employer's premises. 107 S.W.3d at 836. The employee's representatives filed a negligence suit in Harris County, Texas against Tyler Asphalt & Gravel Co, Inc., the employer, and the manufacturer of the power sprayer. *Id.* Tyler argued that the suit was barred by the exclusive remedy provision of the Act because the employee's death had occurred in the course and scope of employment. *Id.* Tyler paid for the employee's funeral expenses and sought reimbursement from its insurance carrier. *Id.* The carrier

contested compensability because it disputed course and scope. *Id.* Following a contested case hearing, the benefit review officer held that the employee had sustained a compensable injury, and it awarded death benefits to the family and burial benefits to Tyler. *Id.* The carrier appealed the decision to the appeals panel, and in an "unusual turn of events," so did the employee's family. *Id.* The appeals panel affirmed the hearing officer's decision and the carrier filed suit in Smith County, Texas seeking judicial review. *Id.* at 836–37. At the family's request, the trial court abated the carrier's lawsuit in Smith County. *Id.* at 837.

Meanwhile, after several continuances, the Harris County trial court set the tort suit for trial. *Id.* Tyler moved to abate the suit until the Smith County suit was decided. *Id.* The trial court denied Tyler's motion to abate. *Id.* Tyler responded by filing an application for writ of mandamus. *Id.* The Fourteenth Court of Appeals conditionally granted the writ holding that "the Smith County court ha[d] exclusive jurisdiction because the determination of the course and scope issue is committed to the statutory workers' compensation process, judicial review is a part of that process, and judicial review [had to] occur in Smith County" where the appeal concerning "compensability" remained pending. *Id.* at 838, 846 (holding that because "the viability of the negligence claims in the [Harris County] suit depend[ed] on the . . . determination o[f] the course and scope issue due to Tyler's exclusive remedy

16

defense[,] [the] exclusive statutory process must yield certain findings before a trial court may adjudicate a claim.").

We agree with Relators that *Hellas*, *Berrelez*, and *Tyler* all support the conclusion that the Division has exclusive jurisdiction to determine in the first instance whether Sykes was in the course and scope of his employment when the collision occurred, and therefore, that the trial court abused its discretion in denying Relators' Plea to the Jurisdiction.[7]  It is undisputed that Lake Management is a subscriber of workers' compensation insurance, that Sykes is an employee of Lake Management, and that following the accident, Sykes did not pursue treatment under Lake Management's workers' compensation policy.  Sykes instead filed the underlying suit against Relators for negligence, negligence per se and/or gross negligence, and vicarious liability.  Sykes does not argue that he opted out of the system and retained his common-law right to sue in the event he was injured on the job.  *See* TEX. LAB. CODE § 406.034(b).  Sykes instead contends that his suit for

---

[7] Sykes did not address *Berrelez* or *Hellas* in his response to Relators' Petition for Writ of Mandamus.  He only addressed *Tyler*.  He contends that *Tyler* is inapposite because the case "involved a collateral proceeding for judicial review of the Division's decisions regarding compensability, in addition to the personal injury suits."  While that is true, a clear reading of *Tyler*, *Berrelez*, and *Hellas* clarifies that their import is not that limited.  All three cases focus on the Division's exclusive jurisdiction, and they make clear that the Division has exclusive jurisdiction *in the first instance* to determine the course and scope issue Sykes seeks to adjudicate in the trial court.  By seeking to adjudicate course and scope in the trial court *first,* Sykes essentially seeks to bypass the Division's exclusive jurisdiction thus circumventing the very purpose of the Act.  We reject Sykes' arguments.

negligence is proper because whether he was injured in the course and scope of employment is a "hotly contested" issue that the trial court must first consider.

To the contrary, if a party is dissatisfied with the outcome of the Act's administrative process, that aggrieved party may seek judicial review of the agency's decision. *See Am. Zurich Ins. Co.*, 2023 WL 5535678, at *3 (citing TEX. LAB. CODE § 410.251). Nowhere in the Act is there an exception allowing Sykes to circumvent this administrative process, nor can the trial court exercise jurisdiction to consider a matter within the exclusive jurisdiction of the Division. A party may not seek judicial review under the Act without first exhausting his administrative remedies. *In re Metro. Transit Auth.*, 334 S.W.3d at 810–11. Requiring a party to exhaust his administrative remedies prior to filing suit does not deprive him of any legal rights; "[r]ather, it honors the Legislature's intent that the appropriate body adjudicate[] the dispute[] first . . . []thereby ensur[ing] an orderly procedure to enforce those rights." *Berrelez*, 562 S.W.3d at 73 (internal quotation marks omitted) ("The exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed.").

Sykes' argument that he vehemently disputes whether the accident occurred while he was in the course and scope of his employment has no impact on the Division's exclusive jurisdiction. Indeed, it is the Division's task to discern whether a plaintiff's injuries were sustained in the course and scope of employment. *See*

18

*Harris Cnty. v. Dogan*, No. 01-22-00079-CV, 2023 WL 3311167, at *5 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op.) ("Under the [Act], an injured employee may receive compensation only for a "compensable injury," . . . defined as "an injury that arises out of and in the course and scope of employment.") (citing TEX. LAB. CODE § 401.011(10)).

We acknowledge our sister court's conflicting opinion in *Univ. of Tex. Rio Grande Valley v. Oteka*, on which Sykes relies, but we disagree with the proposition that a plaintiff may bypass the Division's adjudication process, and instead, have the trial court consider the merits of the defendant's exclusive remedy defense. No. 13-22-00063-CV, 2023 WL 413587, at *3 (Tex. App.—Corpus Christi-Edinburg Jan. 26, 2023, pet. filed) (mem. op.). In *Oteka*, a nursing professor was struck by a car driven by a University of Texas Rio Grande Valley police officer as she was walking to her car following a graduation ceremony. *Id*. at *1. The University's claim administrator contacted Oteka to discuss workers' compensation coverage. Oteka told the administrator she "was using her private insurance" and the University "thereafter denied coverage." *Id*. Oteka later sued the University for negligence. *Id*. The University asserted the exclusive remedy defense and later filed a plea to the jurisdiction arguing Oteka had not "exhaust[ed] her administrative remedies with

19

the Division regarding the compensability of her injuries."[8] *Id.* Oteka argued she was not required to exhaust her administrative remedies because "the jurisdictional record established she was not in the course and scope of employment at the time of her injury, or there was at least a fact issue in this regard." *Id.* The trial court denied the University's plea to the jurisdiction and on appeal, the Corpus Christi Court of Appeals affirmed holding that "Oteka's suit [was] not based on the ultimate question of whether she is eligible for workers' compensation benefits," but "the opposite[:] if Oteka's injury is compensable, this would likely bar her suit pursuant to the exclusive-remedy defense." *Id.* at 3.[9]

We decline to extend the court's holding in *Oteka* to the matter before us.[10] Based on the exclusive jurisdiction the Legislature expressly conferred on the Division to consider in the first instance the question of compensability, including the question of course and scope, and Sykes' failure to exhaust his administrative

---

[8]     In the interim, but over two-and-a-half years after the accident, the University's claim administrator accepted coverage. *Id.* at *1.

[9]     The University filed a petition for review and the Texas Supreme Court requested the parties to file briefs on the merits, stating "[t]he petition for review remains under consideration by this Court." *See Univ. of Tex. Rio Grande Valley v. Oteka*, No. 23-0167 (Tex. Nov. 10, 2023), *available at* SearchMedia.aspx (txcourts.gov); *see also* TEX. R. APP. P. 55.1.

[10]    *See In re Langford*, No. 04-20-00263-CV, 2020 WL 4607017, at *5 (Tex. App.—San Antonio Aug. 12, 2020, orig. proceeding) (mem. op.) (citing *In re Reardon*, 514 S.W.3d 919, 923 (Tex. App.—Fort Worth 2017, orig. proceeding) (explaining that "courts of appeals are not bound by precedent of sister courts but may be guided by their reasoning and analysis.")).

20

remedies before the Division, we hold the trial court lacks subject matter jurisdiction to consider Sykes' claims, and it thus abused its discretion in denying Relators' Plea. *See In re Metro. Transit Auth.,* 334 S.W.3d at 810–11 (explaining that failure to exhaust administrative remedies before filing suit renders a trial court without subject matter jurisdiction).

### Is there an Adequate Appellate Remedy?

While the erroneous denial of a plea to the jurisdiction does not by itself render an appeal inadequate, "the erroneous denial of a plea to the jurisdiction based on exclusive agency jurisdiction can justify mandamus relief where [the denial] interferes with the legislatively mandated function and purpose of the agency and is a clear disruption of the orderly processes of government." *In re Tex. Mut. Ins. Co.*, 329 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, orig. proceeding) (quoting *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004)); *see In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 582–83 (Tex. App.—El Paso 2022, orig. proceeding) (citing *In re Tex. Mut. Ins. Co.*, 510 S.W.3d 552, 556 (Tex. App.—El Paso 2016, orig. proceeding)).

"[U]nder the exclusive jurisdiction doctrine, the Legislature grants an administrative agency the *sole* authority to make [the] initial determination in a dispute." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002) (emphasis in original). Thus, where an agency has exclusive

21

jurisdiction, courts have no subject matter jurisdiction, and a party can turn to the courts only after first exhausting all administrative remedies in the agency. *In re Entergy Corp.,* 142 S.W.3d at 321–22; *Subaru,* 84 S.W.3d at 221. Whether an administrative agency has exclusive jurisdiction is a question of law we review *de novo*. *In re Entergy Corp.,* 142 S.W.3d at 322.

Because we have concluded that the trial court abused its discretion in denying Relators' Plea to the Jurisdiction based on exclusive agency jurisdiction, and Sykes has not exhausted his administrative remedies, we hold that Relators lack an adequate remedy by appeal and mandamus is thus proper.[11] *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d at 844 (granting mandamus relief and holding that by "paying workers' compensation premiums, [a subscribing employer] bargain[s] for the right to have the course and scope issue resolved through the process prescribed by the [Division] thereby saving it the time, expense, and uncertainty of litigation.").

This does not end our inquiry, however. We must also determine whether, as Relators advocate, dismissal without prejudice is proper or whether abatement is the proper course. Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action[s]." *Subaru,* 84 S.W.3d at 221. Until then, a trial court lacks jurisdiction and

---

[11] We express no opinion on the merits of the parties' course and scope arguments. As we have concluded, that is an issue for the Division to determine.

22

must dismiss claims within the agency's exclusive jurisdiction without prejudice. "In some instances, however, the statutory scheme may necessitate that an administrative agency with exclusive jurisdiction make certain findings before a trial court may finally adjudicate a claim." *Id.* "Under those circumstances, if a party files its claim in the trial court before the agency resolves the issue within its exclusive jurisdiction, but the jurisdictional impediment can be removed, 'then the trial court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.'" *Id.* at 321–22 (quoting *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001)).

The viability of Sykes' negligence claims in the underlying suit depends on the Division's determination on the course and scope issue through final adjudication. This is thus an instance where "an exclusive statutory process must yield certain findings before a trial court may adjudicate a claim." *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d at 843. Under such circumstances, abatement, rather than dismissal, is "appropriate to allow a reasonable opportunity for a trial court's jurisdictional impediment to be removed." *Id.*; *see Subaru*, 84 S.W.3d at 221–22.

## Conclusion

We conditionally grant Relators' Petition for Writ of Mandamus. We are confident the trial court will vacate its order of May 5, 2023 denying Relators' Plea

to the Jurisdiction and issue an order abating the case to afford the parties a reasonable opportunity to proceed before the Division.  If the trial court fails to do so, the writ will issue.

                    Veronica Rivas-Molloy
                    Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.